APPEAL,CLOSED,STAYED,TYPE–E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:13–cv–00966–RJL</u>
# *Internal Use Only*

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES v. UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al<br>Assigned to: Judge Richard J. Leon<br>Case in other court:  USCA, 14–05321<br>Cause: 05:702 Administrative Procedure Act | Date Filed: 06/26/2013<br>Date Terminated: 09/20/2023<br>Jury Demand: None<br>Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>Jurisdiction: U.S. Government Defendant |

**<u>Plaintiff</u>**

**AMERICAN INSURANCE ASSOCIATION**
*TERMINATED: 03/26/2019*

represented by **Kannon K. Shanmugam**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223–7300
Fax: (202) 223–7420
Email: kshanmugam@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William T. Marks**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223–7314
Fax: (202) 223–7420
Email: wmarks@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Joshua Podoll**
WILLIAMS & CONNOLLY
680 Maine Avenue Southwest
Washington, DC 20024
202–434–5092
Email: apodoll@wc.com
*TERMINATED: 03/15/2019*

**Allison Jones Rushing**
WILLIAMS & CONNOLLY LLP
725 12th St. NW
Washington, DC 20005
(202) 434–5478

Fax: (202) 434–5029
Email: ajones@wc.com
*TERMINATED: 03/11/2019*

**Plaintiff**

**NATIONAL ASSOCIATION OF**  represented by  **Kannon K. Shanmugam**
**MUTUAL INSURANCE**  (See above for address)
**COMPANIES**  *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William T. Marks**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Joshua Podoll**
(See above for address)
*TERMINATED: 03/15/2019*

**Allison Jones Rushing**
(See above for address)
*TERMINATED: 03/11/2019*

V.

**Defendant**

**UNITED STATES DEPARTMENT**  represented by  **Brian C. Rosen–Shaud**
**OF HOUSING AND URBAN**  U.S. DEPARTMENT OF JUSTICE
**DEVELOPMENT**  Federal Programs Branch
1100 L Street
Rm. 12022
Washington, DC 20530
202–305–7667
Email: brian.c.rosen–shaud@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D. Todd , Jr.**
U.S DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O Box 883
Ben Franklin Station
Washington, DC 20044
(202) 514–3378
Fax: (202) 616–8470
Email: james.todd@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Junis Lee Ross Baldon**
U.S. DEPARTMENT OF JUSTICE

Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305–1806
Fax: (202) 514–1116
Email: junis.baldon@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian G. Kennedy**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 514–3357
Fax: (202) 616–8470
Email: brian.kennedy@usdoj.gov
*TERMINATED: 05/31/2017*

**Daniel Paul Mosteller**
NC DEPARTMENT OF JUSTICE
PO Box 629
Raleigh, NC 27602
919–716–6026
Email: dmosteller@ncdoj.gov
*TERMINATED: 01/06/2017*

**Emily Sue Newton**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305–8356
Fax: (202) 616–8460
Email: emily.s.newton@usdoj.gov
*TERMINATED: 01/03/2022*

**Kyle Renee Freeny**
GREENBERG TRAURIG, LLP
2101 L Street N.W.
Washington, DC 20037
(202) 331–3100
Fax: (202) 331–3101
Email: freenyk@gtlaw.com
*TERMINATED: 01/20/2016*

**Defendant**

**SHAUN DONOVAN**
*in his official capacity as Secretary of
Housing and Urban Development*
*TERMINATED: 04/14/2016*

represented by   **James D. Todd , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Junis Lee Ross Baldon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian G. Kennedy**
(See above for address)
*TERMINATED: 05/31/2017*

**Daniel Paul Mosteller**
(See above for address)
*TERMINATED: 01/06/2017*

**Emily Sue Newton**
(See above for address)
*TERMINATED: 01/03/2022*

**Kyle Renee Freeny**
(See above for address)
*TERMINATED: 01/20/2016*

**Defendant**

**JULIAN CASTRO**                    represented by    **James D. Todd , Jr.**
*in his official capacity as Secretary of*            (See above for address)
*Housing and Urban Development*                       *LEAD ATTORNEY*
*TERMINATED: 02/03/2019*                              *ATTORNEY TO BE NOTICED*

**Junis Lee Ross Baldon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian G. Kennedy**
(See above for address)
*TERMINATED: 05/31/2017*

**Daniel Paul Mosteller**
(See above for address)
*TERMINATED: 01/06/2017*

**Emily Sue Newton**
(See above for address)
*TERMINATED: 01/03/2022*

**Defendant**

**BENJAMIN S. CARSON, SR.**          represented by    **James D. Todd , Jr.**
*in his official capacity as Secretary of*            (See above for address)
*Housing and Urban Development*                       *LEAD ATTORNEY*
*TERMINATED: 03/28/2023*                              *ATTORNEY TO BE NOTICED*

**Junis Lee Ross Baldon**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Sue Newton**
(See above for address)
*TERMINATED: 01/03/2022*

**Defendant**

| | | |
|---|---|---|
| **MARIA L. FUDGE**<br>*in her official capacity as Secretary of*<br>*Housing and Urban Development* | represented by | **Brian C. Rosen–Shaud**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **James D. Todd , Jr.**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **JUDICIAL WATCH, INC.** | represented by | **Chris Fedeli**<br>FEDERAL COMMUNICATIONS<br>COMMISSION<br>45 L Street, NE<br>Washington, DC 20554<br>202–418–1514<br>Email: christopher.fedeli@fcc.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **ALLIED EDUCATIONAL**<br>**FOUNDATION** | represented by | **Chris Fedeli**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **NATIONAL FAIR HOUSING**<br>**ALLIANCE** | represented by | **Glenn Schlactus**<br>RELMAN COLFAX PLLC<br>1225 19th Street NW<br>Suite 600<br>Washington, DC 20036<br>(202) 728–1888<br>Fax: (202) 728–0848<br>Email: gschlactus@relmanlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen M. Dane**<br>DANE LAW LLC |

P.O. Box 1011
Perrysburg, OH 43552
419–944–8611
Email: sdane@fairhousinglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**

represented by **Glenn Schlactus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Dane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Samuel Silverstein**
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
1500 K Street NW
Suite 900
Washington
Washington, DC 20005
202–662–8316
Email: tsilverstein@lawyerscommittee.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NATIONAL LOW INCOME HOUSING COALITION**

represented by **Glenn Schlactus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**POVERTY & RACE RESEARCH ACTION COUNCIL**

represented by **Glenn Schlactus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Dane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NATIONAL HOUSING LAW PROJECT**

represented by **Glenn Schlactus**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Dane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**LATINOJUSTICE PRLDEF**             represented by  **Glenn Schlactus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Dane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NAACP LEGAL DEFENSE AND**          represented by  **Ryan P. Haygood**
**EDUCATIONAL FUND, INC.**                            NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
99 Hudson Street
Suite 1600
New York, NY 10013
(212) 965–2200
Fax: (212) 226–7592
Email: rhaygood@naacpldf.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN CIVIL LIBERTIES**         represented by  **Ryan P. Haygood**
**UNION**                                             (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Dane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NATIONAL CONSUMER LAW**            represented by  **Ryan P. Haygood**
**CENTER**                                            (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Dane**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NATIONAL COMMUNITY**                 represented by   **Ryan P. Haygood**
**REINVESTMENT COALITION**                              (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Stephen M. Dane**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**CHAMBER OF COMMERCE OF**              represented by   **Carter G. Phillips**
**THE UNITED STATES OF**                                SIDLEY AUSTIN LLP
**AMERICA**                                             1501 K Street, NW
                                                        Washington, DC 20005
                                                        (202) 736−8270
                                                        Fax: (202) 736−8711
                                                        Email: cphillips@sidley.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Brian P. Morrissey , Jr.**
                                                        SIDLEY AUSTIN LLP
                                                        1501 K Street, NW
                                                        Washington, DC 20005
                                                        (202) 736−8798
                                                        Email: bmorrissey@sidley.com
                                                        *TERMINATED: 03/16/2017*

**Amicus**

**AMERICAN FINANCIAL SERVICES**         represented by   **John Longstreth**
**ASSOCIATION**                                         K & L GATES LLP
                                                        1601 K Street, NW
                                                        Washington, DC 20006
                                                        (202) 661−6271
                                                        Fax: (202) 778−9100
                                                        Email: john.longstreth@klgates.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul F. Hancock**
                                                        K&L GATES LLP
                                                        200 South Biscayne Boulevard
                                                        Suite 3900
                                                        Miami, FL 33131
                                                        305−539−3300

Fax: 305–358–7095
Email: paul.hancock@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**CONSUMER MORTGAGE COALITION**

represented by **John Longstreth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul F. Hancock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**INDEPENDENT COMMUNITY BANKERS OF AMERICA**

represented by **John Longstreth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul F. Hancock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**MORTGAGE BANKERS ASSOCIATION**

represented by **John Longstreth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul F. Hancock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, INC.**

represented by **Felicia Kirsten Watson**
NATIONAL ASSOCIATION OF HOME BUILDERS
1201 15th Street, NW
Washington, DC 20005
(202) 266–8229
Fax: (202) 266–8161
Email: fwatson@nahb.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN BANKERS ASSN.**          represented by   **John Longstreth**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Amicus**

**CONSUMER BANKERS**               represented by   **John Longstreth**
**ASSOCIATION**                                     (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Amicus**

**FINANCIAL SERVICES**             represented by   **John Longstreth**
**ROUNDTABLE**                                      (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Amicus**

**AARP**                           represented by   **Stephen M. Dane**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2013 | 1 | COMPLAINT against SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ( Filing fee $ 400 receipt number 0090–3376984) filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Shanmugam, Kannon) (Entered: 06/26/2013) |
| 06/26/2013 | 2 | Corporate Disclosure Statement by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 06/26/2013) |
| 06/26/2013 | 3 | NOTICE of Appearance by Allison B. Jones on behalf of AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Jones, Allison) (Entered: 06/26/2013) |
| 06/26/2013 | | Case Assigned to Judge Richard J. Leon. (kb) (Entered: 06/26/2013) |
| 06/26/2013 | | SUMMONS Not Issued as to SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (kb) (Entered: 06/26/2013) |
| 06/26/2013 | 4 | NOTICE *(Corrected Summons)* by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 06/26/2013) |
| 06/26/2013 | 5 | NOTICE *(Corrected Summons)* by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES |

| | | |
|---|---|---|
| | | (Shanmugam, Kannon) (Entered: 06/26/2013) |
| 06/26/2013 | 6 | NOTICE *(Corrected Summons)* by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 06/26/2013) |
| 06/26/2013 | 7 | NOTICE *(Corrected Summons)* by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 06/26/2013) |
| 06/27/2013 | 8 | ELECTRONIC SUMMONS (4) ssued as to SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Consent to Magistrate)(znmw, ) (Entered: 06/27/2013) |
| 07/10/2013 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SHAUN DONOVAN served on 7/1/2013; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT served on 7/1/2013, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 07/01/13., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 7/1/2013. ( Answer due for ALL FEDERAL DEFENDANTS by 8/30/2013.) (Jones, Allison) (Entered: 07/10/2013) |
| 08/07/2013 | 10 | NOTICE of Appearance by Kyle Renee Freeny on behalf of All Defendants (Freeny, Kyle) (Entered: 08/07/2013) |
| 08/07/2013 | 11 | NOTICE of Appearance by Daniel Paul Mosteller on behalf of All Defendants (Mosteller, Daniel) (Entered: 08/07/2013) |
| 08/15/2013 | 12 | Unopposed MOTION to Stay *Proceedings* by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) (Entered: 08/15/2013) |
| 08/29/2013 | | MINUTE ORDER granting 12 Motion to Stay. It is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the proceedings in the above–captioned case are stayed until further order, pending the conclusion of proceedings before the Supreme Court in Township of Mount Holly v. Mount Holly Gardens Citizens in Action, Inc., No. 11–1507. It is further ORDERED that, within 30 days after the Supreme Court's disposition of Mount Holly, the parties to this action shall submit a status report to the Court addressing the need for any further proceedings in this action. Signed by Judge Richard J. Leon on 8/29/13. (lcrjl2) (Entered: 08/29/2013) |
| 12/16/2013 | 13 | JOINT STATUS REPORT by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (jf, ) (Entered: 12/17/2013) |
| 12/16/2013 | 14 | JOINT MOTION to Lift Stay by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(jf, ) (Entered: 12/17/2013) |
| 12/20/2013 | 15 | ORDER: Upon consideration of the Parties' 14 Motion to Lift Stay and Status Report; it is hereby ordered that the motion is GRANTED. Signed by Judge Richard J. Leon on 12/20/13. SEE ORDER FOR FULL DETAILS. (tb, ) (Entered: 12/20/2013) |

| 12/20/2013 | 16 | MOTION for Summary Judgment by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Text of Proposed Order)(Shanmugam, Kannon) (Entered: 12/20/2013) |
|---|---|---|
| 01/11/2014 | 17 | NOTICE of Appearance by Adam Joshua Podoll on behalf of AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Podoll, Adam) (Entered: 01/11/2014) |
| 01/28/2014 | 18 | NOTICE *of Consent to Amicus Briefs* by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 01/28/2014) |
| 01/30/2014 | 19 | MOTION for Leave to File *Amicus Brief* by JUDICIAL WATCH, INC., ALLIED EDUCATIONAL FOUNDATION. (Attachments: # 1 Exhibit Amicus Brief in Support of Plaintiffs)(Fedeli, Christopher) Modified to add filer on 1/31/2014 (znmw, ). (Entered: 01/30/2014) |
| 02/03/2014 | | MINUTE ORDER granting 19 Motion for Leave to File an Amicus Curiae Brief and Corporate Disclosure Certification. It is hereby ORDERED that the motion is GRANTED and Judicial Watch and AEF may each file an amicus curiae brief in this case. Signed by Judge Richard J. Leon on 2/3/14. (lcrjl2, ) (Entered: 02/03/2014) |
| 02/03/2014 | 20 | MOTION to Dismiss *or, in the Alternative, for Summary Judgment* by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Exhibit A, # 2 Administrative Record – Certified List of Contents, # 3 Text of Proposed Order)(Freeny, Kyle). Added MOTION for Summary Judgment on 2/4/2014 (znmw, ). (Entered: 02/03/2014) |
| 02/03/2014 | 21 | Memorandum in opposition to re 16 MOTION for Summary Judgment filed by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Exhibit A)(Freeny, Kyle) (Entered: 02/03/2014) |
| 02/03/2014 | 22 | AMICUS BRIEF by ALLIED EDUCATIONAL FOUNDATION, JUDICIAL WATCH, INC.. (znmw, ) (Entered: 02/04/2014) |
| 02/10/2014 | 23 | Unopposed MOTION for Leave to File *a Brief Amicus Curiae* by NATIONAL FAIR HOUSING ALLIANCE, LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, NATIONAL LOW INCOME HOUSING COALITION, POVERTY & RACE RESEARCH ACTION COUNCIL, NATIONAL HOUSING LAW PROJECT, LATINOJUSTICE PRLDEF (Attachments: # 1 Brief of Amici Curiae, # 2 Exhibit A, # 3 Exhibit B)(Schlactus, Glenn) (Entered: 02/10/2014) |
| 02/11/2014 | | MINUTE ORDER granting 23 Motion for Leave to File a Brief Amicus Curiae. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 2/11/14. (lcrjl2, ) (Entered: 02/11/2014) |
| 02/12/2014 | 24 | AMICUS BRIEF by LATINOJUSTICE PRLDEF, LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, NATIONAL FAIR HOUSING ALLIANCE, NATIONAL HOUSING LAW PROJECT, NATIONAL LOW INCOME HOUSING COALITION, POVERTY & RACE RESEARCH ACTION COUNCIL. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(znmw, ) (Entered: 02/12/2014) |
| 02/20/2014 | 25 | MOTION for Leave to File *a Brief Amicus Curiae* by NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., AMERICAN CIVIL LIBERTIES UNION, |

| | | |
|---|---|---|
| | | NATIONAL CONSUMER LAW CENTER, NATIONAL COMMUNITY REINVESTMENT COALITION (Attachments: # 1 Brief of Amici Curiae)(Haygood, Ryan) (Entered: 02/20/2014) |
| 02/24/2014 | | MINUTE ORDER granting 25 Motion for Leave to File a Brief Amicus Curiae. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 2/24/14. (lcrjl2, ) (Entered: 02/24/2014) |
| 02/24/2014 | 26 | Unopposed MOTION for Leave to File *Amicus Curiae Brief* by CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA (Attachments: # 1 Amicus Brief)(Morrissey, Brian) (Entered: 02/24/2014) |
| 02/24/2014 | 27 | Memorandum in opposition to re 20 MOTION to Dismiss *or, in the Alternative, for Summary Judgment* MOTION for Summary Judgment *and Reply in Support of 16 Motion for Summary Judgment* filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Attachments: # 1 Declaration 1, # 2 Affidavit 2, # 3 Affidavit 3, # 4 Affidavit 4, # 5 Affidavit 5, # 6 Affidavit 6)(Shanmugam, Kannon) (Entered: 02/24/2014) |
| 02/24/2014 | 28 | REPLY to opposition to motion re 16 MOTION for Summary Judgment filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (See Docket Entry 27 to view document). (znmw, ) (Entered: 02/25/2014) |
| 02/24/2014 | 29 | AMICUS BRIEF by AMERICAN CIVIL LIBERTIES UNION, NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., NATIONAL COMMUNITY REINVESTMENT COALITION, NATIONAL CONSUMER LAW CENTER. (znmw, ) (Entered: 02/25/2014) |
| 03/03/2014 | | MINUTE ORDER granting 26 Motion for Leave to File Amicus Curiae Brief. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 3/3/14. (lcrjl2, ) (Entered: 03/03/2014) |
| 03/03/2014 | 30 | AMICUS BRIEF by CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA. (znmw, ) (Entered: 03/04/2014) |
| 03/18/2014 | 31 | REPLY to opposition to motion re 20 MOTION to Dismiss *or, in the Alternative, for Summary Judgment* MOTION for Summary Judgment filed by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Freeny, Kyle) (Entered: 03/18/2014) |
| 03/18/2014 | 32 | MOTION for Leave to File *amici curiae brief* by AMERICAN FINANCIAL SERVICES ASSOCIATION, CONSUMER MORTGAGE COALITION, INDEPENDENT COMMUNITY BANKERS OF AMERICA, MORTGAGE BANKERS ASSOCIATION (Attachments: # 1 Exhibit Amici curiae brief of AFSA et al)(Longstreth, John) (Entered: 03/18/2014) |
| 03/19/2014 | 33 | NOTICE of Appearance by Paul F. Hancock on behalf of AMERICAN FINANCIAL SERVICES ASSOCIATION, CONSUMER MORTGAGE COALITION, INDEPENDENT COMMUNITY BANKERS OF AMERICA, MORTGAGE BANKERS ASSOCIATION (Hancock, Paul) (Entered: 03/19/2014) |
| 03/25/2014 | | MINUTE ORDER granting 32 Motion for Leave to File Amici Curiae Brief in Support of Plaintiffs' Motion fur Summary Judgement. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 3/25/14. (lcrjl2, ) (Entered: 03/25/2014) |

| 03/25/2014 | 34 | AMICUS BRIEF by AMERICAN FINANCIAL SERVICES ASSOCIATION, CONSUMER MORTGAGE COALITION, INDEPENDENT COMMUNITY BANKERS OF AMERICA, MORTGAGE BANKERS ASSOCIATION. (znmw, ) (Entered: 03/26/2014) |
|---|---|---|
| 03/27/2014 | 35 | NOTICE OF SUPPLEMENTAL AUTHORITY by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Supplemental Authority)(Freeny, Kyle) (Entered: 03/27/2014) |
| 04/01/2014 | 36 | NOTICE of *Joint Appendix of Administrative Record Materials* by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES re 16 MOTION for Summary Judgment (Shanmugam, Kannon) (Entered: 04/01/2014) |
| 06/13/2014 | | NOTICE of Hearing on Motions: 20 MOTION to Dismiss *or, in the Alternative, for Summary Judgment* MOTION for Summary Judgment; and 16 MOTION for Summary Judgment Motion Hearing set for 7/10/2014 @ 3:00 PM in Courtroom 18 before Judge Richard J. Leon. (tj ) (Entered: 06/13/2014) |
| 06/17/2014 | 37 | Unopposed MOTION for Order *Rescheduling Hearing* by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 06/17/2014) |
| 06/17/2014 | | MINUTE ORDER granting 37 Unopposed Motion to Reschedule Hearing. It is hereby ORDERED that the motion is GRANTED and oral argument will be held on 7/16/2014 at 3:00 pm. Signed by Judge Richard J. Leon on 7/16/14. (lcrjl2, ) (Entered: 06/17/2014) |
| 06/18/2014 | | Set/Reset Hearings: Motions Hearing reset for 7/16/2014 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 06/18/2014) |
| 07/11/2014 | | Set/Reset Hearings: The Motions Hearing that is presently scheduled for Wednesday, July 16, 2014, at 3:00 PM is rescheduled to Tuesday, July 22, 2014, at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 07/11/2014) |
| 07/22/2014 | | Minute Entry: Motions Hearing held on 7/22/2014 before Judge Richard J. Leon re 20 MOTION to Dismiss or, in the Alternative, for Summary Judgment filed by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and 16 MOTION for Summary Judgment filed by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, AMERICAN INSURANCE ASSOCIATION; Motions heard and taken under advisement. Parties may file supplemental briefs by not later than 8/5/2014. (Court Reporter Scott Wallace) (tb, ) (Entered: 07/23/2014) |
| 08/05/2014 | 38 | SUPPLEMENTAL MEMORANDUM to re 16 MOTION for Summary Judgment filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 08/05/2014) |
| 08/05/2014 | 39 | SUPPLEMENTAL MEMORANDUM to re 20 MOTION to Dismiss *or, in the Alternative, for Summary Judgment* MOTION for Summary Judgment filed by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Freeny, Kyle) (Entered: 08/05/2014) |
| 08/08/2014 | 40 | ADMINISTRATIVE RECORD by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Pages 1–209, # 2 Pages 210–378, # 3 Pages 379–516, # 4 Pages 517–645, # 5 Pages 646–804, # 6 Pages 805–881, # 7 Pages 882–1032, # 8 Pages 1033–1132, # 9 Pages 1133–1206, # 10 Pages 1207–1360, # 11 Pages 1361–1593, # 12 Pages 1594–1812)(Mosteller, Daniel) (Entered: 08/08/2014) |
| 10/14/2014 | 41 | NOTICE OF SUPPLEMENTAL AUTHORITY by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Exhibit A)(Freeny, Kyle) (Entered: 10/14/2014) |
| 10/16/2014 | 42 | RESPONSE re 41 NOTICE OF SUPPLEMENTAL AUTHORITY filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 10/16/2014) |
| 10/22/2014 | 43 | MOTION to Stay *Proceedings* by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) (Entered: 10/22/2014) |
| 10/24/2014 | 44 | RESPONSE re 43 MOTION to Stay *Proceedings* filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 10/24/2014) |
| 10/24/2014 | | MINUTE ORDER denying 43 Motion to Stay. It is hereby ORDERED that the motion is DENIED. Signed by Judge Richard J. Leon on 10/24/14. (lcrjl2, ) (Entered: 10/24/2014) |
| 11/03/2014 | 45 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 11/03/14. (tb, ) (Entered: 11/03/2014) |
| 11/03/2014 | 46 | ORDER: For reasons set forth in the Memorandum Opinion accompanying this Order; it is hereby ordered that plaintiff's 16 Motion for Summary Judgment is GRANTED and defendant's 20 Motion to Dismiss is DENIED, and it is further ordered that the Department of Housing and Urban Development's Disparate Impact Rule, promulgated in 78 Fed. Reg. 11,460–11,482, and codified at 24 C.F.R. Section 100.500, is hereby VACATED. Signed by Judge Richard J. Leon on 11/03/14. (tb, ) (Entered: 11/03/2014) |
| 11/07/2014 | 47 | AMENDED MEMORANDUM OPINION. This Amended Memorandum Opinion replaces the Memorandum Opinion dated 11/3/2014 (Dkt. #45). Signed by Judge Richard J. Leon on 11/07/2014. (jth) (Entered: 11/07/2014) |
| 12/18/2014 | 48 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 46 Order on Motion for Summary Judgment, Order on Motion to Dismiss,, 45 Memorandum & Opinion, 47 Memorandum & Opinion by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, SHAUN DONOVAN. Fee Status: No Fee Paid. Parties have been notified. (Freeny, Kyle) (Entered: 12/18/2014) |
| 12/19/2014 | 49 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the fee was an Appeal by the Government re 48 Notice of Appeal to DC Circuit Court. (znmw, ) (Entered: 12/19/2014) |
| 12/23/2014 | | USCA Case Number 14–5321 for 48 Notice of Appeal to DC Circuit Court, filed by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (rd) (Entered: 12/24/2014) |

| 11/17/2015 | 50 | NOTICE *of Plaintiffs' Intent to Move for Leave to Amend the Complaint* by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 11/17/2015) |
| --- | --- | --- |
| 11/17/2015 | 51 | MANDATE of USCA (certified copy) ORDERED that the district court order granting summary judgment in favor of American Insurance Association, Inc., filed November 3, 2014, be vacated and FURTHER ORDERED that the case be remanded to the district court for consideration in light of Texas Department of Housing & Community Affairs v. Inclusive Communities Project, Inc., 135 S. Ct. 2507 (2015) as to 48 Notice of Appeal to DC Circuit Court, filed by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. USCA Case Number 14–5321. (zvt) (Entered: 11/20/2015) |
| 12/08/2015 | 52 | MOTION to Amend/Correct 1 Complaint, by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Attachments: # 1 Exhibit Amended Complaint, # 2 Text of Proposed Order)(Shanmugam, Kannon) (Entered: 12/08/2015) |
| 12/10/2015 | 53 | Unopposed MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Amend/Correct 1 Complaint, by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) (Entered: 12/10/2015) |
| 12/11/2015 | | MINUTE ORDER granting 53 Unopposed Motion for Extension of Time to File Response/Reply re 52 MOTION to Amend/Correct 1 Complaint. It is hereby ORDERED that the motion is GRANTED. It is further ORDERED that defendants shall have up to and including January 11, 2016 to respond to plaintiffs' Motion for Leave to Amend the Complaint. Signed by Judge Richard J. Leon on 12/11/2015.(lcrjl2, ) (Entered: 12/11/2015) |
| 12/15/2015 | | Set/Reset Deadlines: Response due by 1/11/2016. (tb) (Entered: 12/15/2015) |
| 01/11/2016 | 54 | Memorandum in opposition to re 52 MOTION to Amend/Correct 1 Complaint, filed by SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) (Entered: 01/11/2016) |
| 01/19/2016 | 55 | REPLY to opposition to motion re 52 MOTION to Amend/Correct 1 Complaint, filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Podoll, Adam) (Entered: 01/19/2016) |
| 01/20/2016 | 56 | NOTICE OF SUBSTITUTION OF COUNSEL by Brian G. Kennedy on behalf of All Defendants Substituting for attorney Kyle R. Freeny (Kennedy, Brian) (Entered: 01/20/2016) |
| 04/14/2016 | | MINUTE ORDER granting 52 Motion to Amend/Correct. It is hereby ORDERED that plaintiffs' Motion for Leave to Amend the Complaint is GRANTED. It is further ORDERED that the Amended Complaint is deemed filed as of the date of this Order. Signed by Judge Richard J. Leon on 4/14/2016. (lcrjl2, ) (Entered: 04/14/2016) |
| 04/14/2016 | 57 | AMENDED COMPLAINT against UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, JULIAN CASTRO filed by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, AMERICAN INSURANCE ASSOCIATION.(znmw) (Entered: 04/14/2016) |

| 04/25/2016 | 58 | Joint MOTION for Order *To Set Briefing Schedule* by JULIAN CASTRO, SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Kennedy, Brian) (Entered: 04/25/2016) |
|---|---|---|
| 04/27/2016 | | MINUTE ORDER granting 58 Joint Motion to Set Briefing Schedule. It is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the following schedule shall govern the above–captioned case: (1) plaintiffs will file an opening motion for summary judgment on or before June 30, 2016; (2) defendants will file their combined cross–dispositive motion for summary judgment and opposition to plaintiffs' motion on or before August 30, 2016; (3) plaintiffs will file their combined opposition to defendants' motion and a reply in support of their own motion on or before September 30, 2016; and (4) defendants will file a reply in support of their cross motion on or before October 28, 2016. It is further ORDERED that defendants' obligation to answer or otherwise respond to the Amended Complaint shall be deferred pending a ruling on the parties' dispositive motions. Signed by Judge Richard J. Leon on 4/27/2016. (lcrjl2, ) (Entered: 04/27/2016) |
| 04/28/2016 | | Set/Reset Deadlines: Cross Motions due by 8/30/2016. Response to Cross Motions due by 9/30/2016. Reply to Cross Motions due by 10/28/2016. Summary Judgment motions due by 6/30/2016. Response to Motion for Summary Judgment due by 8/30/2016. Reply to Motion for Summary Judgment due by 9/30/2016. (tb) (Entered: 04/28/2016) |
| 06/28/2016 | 59 | Unopposed MOTION for Leave to File *Amicus Brief* by NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, INC. (Attachments: # 1 Appendix Amicus Brief)(Watson, Felicia) (Entered: 06/28/2016) |
| 06/30/2016 | | MINUTE ORDER granting 59 Unopposed Motion for Leave to File an Amicus Curiae Brief by National Association of Home Builders of the United States. It is hereby ORDERED that the Motion is GRANTED. Signed by Judge Richard J. Leon on 6/30/2016. (lcrjl2, ) (Entered: 06/30/2016) |
| 06/30/2016 | 60 | MOTION for Summary Judgment by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Exhibits A–C, # 3 Affidavit David R. Benseler, # 4 Affidavit Kevin J. Christy, # 5 Affidavit Andrew P. Forstenzer, # 6 Affidavit Greg Hayward, # 7 Declaration William G. Hirschfeld, # 8 Affidavit Salvatore T. Laduca, # 9 Affidavit Stephanie Lloyd, # 10 Affidavit Nikki L. Meek, # 11 Affidavit N.D. Assoc. of Farm Mutual Insurance Cos., # 12 Affidavit Dianne L. Priest, # 13 Affidavit Larry M. Shaw, # 14 Affidavit Scott St. Angel, # 15 Affidavit Geneau M. Thames, # 16 Affidavit Dalith Wells, # 17 Declaration Ronald Joseph Zaleski, Sr.)(Shanmugam, Kannon) (Entered: 06/30/2016) |
| 07/01/2016 | 61 | AMICUS BRIEF by NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, INC.. (znmw) (Entered: 07/01/2016) |
| 07/15/2016 | 62 | Consent MOTION for Leave to File *amici curiae brief in support of Plaintiffs' motion for summary judgment* by AMERICAN FINANCIAL SERVICES ASSOCIATION, CONSUMER MORTGAGE COALITION, INDEPENDENT COMMUNITY BANKERS OF AMERICA, MORTGAGE BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, CONSUMER BANKERS ASSOCIATION, FINANCIAL SERVICES ROUNDTABLE (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Lodged brief of amici |

| | | |
|---|---|---|
| | | curiae)(Longstreth, John) (Entered: 07/15/2016) |
| 07/21/2016 | | MINUTE ORDER granting 62 Consent Motion for Leave to File an Amici Curiae Brief by American Bankers Association, American Financial Services Association, Consumer Bankers Association, Consumer Mortgage Coalition, Financial Services Roundtable, Independent Community Bankers of America, and Mortgage Bankers Association. It is hereby ORDERED that the motion is GRANTED. Signed by Judge Richard J. Leon on 7/21/2016. (lcrjl2, ) (Entered: 07/21/2016) |
| 07/21/2016 | 63 | AMICUS BRIEF by AMERICAN BANKERS ASSOCIATION, AMERICAN FINANCIAL SERVICES ASSOCIATION, CONSUMER BANKERS ASSOCIATION, CONSUMER MORTGAGE COALITION, FINANCIAL SERVICES ROUNDTABLE, INDEPENDENT COMMUNITY BANKERS OF AMERICA, MORTGAGE BANKERS ASSOCIATION. (znmw) (Entered: 07/22/2016) |
| 08/30/2016 | 64 | MOTION for Summary Judgment by JULIAN CASTRO, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Mosteller, Daniel) (Entered: 08/30/2016) |
| 08/30/2016 | 65 | Memorandum in opposition to re 60 MOTION for Summary Judgment filed by JULIAN CASTRO, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Mosteller, Daniel) (Entered: 08/30/2016) |
| 09/13/2016 | 66 | Unopposed MOTION for Leave to File *Amicus Curiae Brief* by AMERICAN CIVIL LIBERTIES UNION, LATINOJUSTICE PRLDEF, LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, NATIONAL COMMUNITY REINVESTMENT COALITION, NATIONAL CONSUMER LAW CENTER, NATIONAL FAIR HOUSING ALLIANCE, NATIONAL HOUSING LAW PROJECT, POVERTY & RACE RESEARCH ACTION COUNCIL, AARP (Attachments: # 1 Text of Proposed Order, # 2 Brief of Amici Curiae)(Dane, Stephen) (Entered: 09/13/2016) |
| 09/15/2016 | | MINUTE ORDER granting 66 Unopposed Motion of the American Civil Liberties Union, the National Fair Housing Alliance, the Lawyers' Committee for Civil Rights Under Law, the Poverty & Race Research Action Council, the National Consumer Law Center, the National Community Reinvestment Coalition, the National Housing Law Project, LatinoJustice PRLDEF and AARP for Leave to File a Brief Amici Curiae. It is hereby ORDERED that the Motion is GRANTED. Signed by Judge Richard J. Leon on 9/15/2016. (lcrjl2, ) (Entered: 09/15/2016) |
| 09/15/2016 | 67 | AMICUS BRIEF by AARP, AMERICAN CIVIL LIBERTIES UNION, LATINOJUSTICE PRLDEF, LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, NATIONAL COMMUNITY REINVESTMENT COALITION, NATIONAL CONSUMER LAW CENTER, NATIONAL FAIR HOUSING ALLIANCE, NATIONAL HOUSING LAW PROJECT, POVERTY & RACE RESEARCH ACTION COUNCIL. (znmw) (Entered: 09/16/2016) |
| 09/30/2016 | 68 | Memorandum in opposition to re 64 MOTION for Summary Judgment filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 09/30/2016) |
| 09/30/2016 | 69 | REPLY to opposition to motion re 60 MOTION for Summary Judgment filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: |

| | | |
|---|---|---|
| | | 09/30/2016) |
| 10/28/2016 | 70 | REPLY to opposition to motion re 64 MOTION for Summary Judgment filed by JULIAN CASTRO, SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Kennedy, Brian) (Entered: 10/28/2016) |
| 01/06/2017 | 71 | NOTICE OF SUBSTITUTION OF COUNSEL by Junis Lee Ross Baldon on behalf of All Defendants Substituting for attorney Daniel P. Mosteller (Baldon, Junis) (Entered: 01/06/2017) |
| 01/26/2017 | | MINUTE SCHEDULING ORDER: It is hereby ORDERED that oral argument on the parties' cross–motions for summary judgment [Dkts. #60 #64] shall be held before the undersigned on February 13, 2017 at 2:30 PM in Courtroom 18. Signed by Judge Richard J. Leon on January 26, 2017. (lcrjl2) (Entered: 01/26/2017) |
| 02/06/2017 | 72 | MOTION to Continue re Scheduling Order, *for Continuance of Hearing on Cross–Motions for Summary Judgment* by JULIAN CASTRO, SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Kennedy, Brian) Modified event title on 2/7/2017 (znmw). (Entered: 02/06/2017) |
| 02/08/2017 | | MINUTE ORDER granting in part and denying in part 72 Defendants' Motion for Forty–Five Day Continuance of Oral Argument. It is hereby ORDERED that the hearing set for February 13, 2017 at 2:30 PM in Courtroom 18 is converted into a status conference. It is further ORDERED that oral argument is continued until a date to be determined by the Court. Signed by Judge Richard J. Leon on February 8, 2017. (lcrjl2) (Entered: 02/08/2017) |
| 02/09/2017 | | Set/Reset Hearings: Status Conference set for 2/13/2017 at 2:30 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 02/09/2017) |
| 02/13/2017 | | Minute Entry for proceedings held before Judge Richard J. Leon: Status Conference held on 2/13/2017. Another Status Conference is set for 5/16/2017 at 12:00 PM in Courtroom 18 before Judge Richard J. Leon. (Court Reporter: William Zaremba) (jth) (Entered: 02/13/2017) |
| 02/15/2017 | | MINUTE ORDER: It is hereby ORDERED that the above captioned case is STAYED pending the status conference set for 05/16/2017 at 12:00 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 02/15/2017. (lcrjl2) (Entered: 02/15/2017) |
| 03/07/2017 | 73 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Richard J. Leon held on February 13, 2017; Page Numbers: 1–11. Date of Issuance: March 7, 2017. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be |

| | | |
|---|---|---|
| | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/28/2017. Redacted Transcript Deadline set for 4/7/2017. Release of Transcript Restriction set for 6/5/2017.(wz) (Entered: 03/07/2017) |
| 03/16/2017 | 74 | NOTICE OF WITHDRAWAL OF APPEARANCE as to CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA. Attorney Brian P. Morrissey, Jr terminated. (Morrissey, Brian) (Entered: 03/16/2017) |
| 05/15/2017 | 75 | STATUS REPORT by JULIAN CASTRO, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Kennedy, Brian) (Entered: 05/15/2017) |
| 05/16/2017 | | Minute Entry: Status Conference held on 5/16/2017 before Judge Richard J. Leon: Status Conference continued to 7/17/2017 at 03:00 AM in Courtroom 18 before Judge Richard J. Leon. (Court Reporter William Zaremba) (tb) (Entered: 05/18/2017) |
| 05/31/2017 | 76 | NOTICE OF WITHDRAWAL OF APPEARANCE as to JULIAN CASTRO, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. Attorney Brian G. Kennedy terminated. (Kennedy, Brian) (Entered: 05/31/2017) |
| 06/08/2017 | 77 | NOTICE OF SUBSTITUTION OF COUNSEL by Emily Sue Newton on behalf of All Defendants Substituting for attorney Brian G. Kennedy (Newton, Emily) (Entered: 06/08/2017) |
| 07/03/2017 | 78 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Richard J. Leon held on May 16, 2017; Page Numbers: 1–17. Date of Issuance: July 3, 2017. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the co urt reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/24/2017. Redacted Transcript Deadline set for 8/3/2017. Release of Transcript Restriction set for 10/1/2017.(wz) (Entered: 07/03/2017) |
| 07/12/2017 | 79 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Newton, Emily) (Entered: 07/12/2017) |
| 07/14/2017 | | MINUTE ORDER: Upon review the Joint Status Report 79 submitted by the parties, it is hereby ORDERED that the status conference set for 07/17/2017 at 03:00 PM is continued to 08/14/2017 at 03:00 PM in Courtroom 18 before Judge Richard J. Leon. |

| | | Signed by Judge Richard J. Leon on 07/14/2017. (lcrjl2) (Entered: 07/14/2017) |
|---|---|---|
| 08/09/2017 | 80 | Joint STATUS REPORT *and request to continue the currently scheduled status hearing* by JULIAN CASTRO, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Newton, Emily) (Entered: 08/09/2017) |
| 08/09/2017 | | MINUTE ORDER: Upon review the Joint Status Report 80 submitted by the parties, it is hereby ORDERED that the status conference set for 08/14/2017 at 03:00 PM is continued to 09/15/2017 at 02:30 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 08/09/2017. (lcrjl2) (Entered: 08/09/2017) |
| 09/13/2017 | 81 | MOTION to Continue *Status Conference* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 09/13/2017) |
| 09/14/2017 | 82 | Memorandum in opposition to re 81 MOTION to Continue *Status Conference* filed by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 09/14/2017) |
| 09/14/2017 | | MINUTE ORDER granting 81 Defendants' Motion to Continue Status Conference. It is hereby ORDERED that the Motion is GRANTED. The status conference set for 09/15/2017 is continued to 10/31/2017 at 03:00 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 9/14/17. (lcrjl2) (Entered: 09/14/2017) |
| 10/26/2017 | 83 | MOTION to Continue *Currently Scheduled Status Hearing* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 10/26/2017) |
| 10/26/2017 | 84 | STATUS REPORT by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 10/26/2017) |
| 10/30/2017 | | MINUTE ORDER granting 83 Defendants' Motion to Continue Status Conference. It is hereby ORDERED that the Motion is GRANTED. The status conference set for 10/31/2017 at 03:00 PM is continued to 12/15/2017 at 03:00 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 10/30/2017. (lcrjl2) (Entered: 10/30/2017) |
| 11/07/2017 | 85 | Joint MOTION to Continue *Change the Date of the Currently Scheduled Status Hearing* re Order on Motion to Continue,, Set/Reset Deadlines/Hearings, by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Newton, Emily) Modified event title on 11/8/2017 (znmw). (Entered: 11/07/2017) |
| 11/13/2017 | | MINUTE ORDER granting 85 Joint Motion to Change Date of Status Hearing. It is hereby ORDERED that the Joint Motion is GRANTED. The status conference set for 12/15/2017 at 03:00 PM is continued to 12/21/2017 at 02:30 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 11/13/2017. (lcrjl2) (Entered: 11/13/2017) |
| 12/14/2017 | 86 | Unopposed MOTION to Continue *Status Conference* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 12/14/2017) |

| 12/20/2017 | | MINUTE ORDER granting 86 Motion to Continue. The status conference presently scheduled in this case for 12/21/17 is cancelled and rescheduled for a date and time to be determined. Signed by Judge Richard J. Leon on 12/20/17. (lcrjl3) (Entered: 12/20/2017) |
| 12/21/2017 | 87 | NOTICE by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Newton, Emily) (Entered: 12/21/2017) |
| 02/01/2018 | | Minute Order. Status Conference set for 2/8/2018 at 4:00 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 2/1/18. (lcrjl3) (Entered: 02/01/2018) |
| 02/07/2018 | 88 | Joint MOTION to Continue *Status Hearing* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 02/07/2018) |
| 02/07/2018 | | MINUTE ORDER granting 88 Joint Motion to Continue the status conference currently scheduled for 2/8/18. While the Court is willing to grant the joint motion at this time, the parties are on notice that this is the last time the Court will grant a continuance. A status conference in this case is scheduled for 4/10/18 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. At that status conference, the parties should be prepared to discuss their plans for moving forward in this case. So Ordered. Signed by Judge Richard J. Leon on 2/7/18. (lcrjl3) (Entered: 02/07/2018) |
| 02/07/2018 | | Set/Reset Hearing: A status conference is set for 4/10/2018 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 02/08/2018) |
| 03/30/2018 | | MINUTE ORDER. The status conference presently set for 4/10/2018 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon is rescheduled for 4/10/2018 at 5:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 3/30/18. (lcrjl3) (Entered: 03/30/2018) |
| 04/01/2018 | | Set/Reset Hearings: The status conference is rescheduled for 4/10/2018 at 5:00 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 04/01/2018) |
| 04/03/2018 | 89 | Joint MOTION to Continue by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Attachments: # 1 Text of Proposed Order) (Shanmugam, Kannon) (Entered: 04/03/2018) |
| 04/03/2018 | 90 | STATUS REPORT by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (See Docket Entry 89 to view document). (znmw) (Entered: 04/04/2018) |
| 04/06/2018 | | MINUTE ORDER granting 89 Joint MOTION to Continue filed by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, AMERICAN INSURANCE ASSOCIATION. The Court reluctantly grants the motion but does so with the expectation that the discussions referenced in the Joint Motion will be fruitful. It is hereby ORDERED that the status conference scheduled for 4/10/2018 at 12:00PM is rescheduled to 5/10/2018 at 5:00PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 4/6/2018. (lcrjl3) (Entered: 04/06/2018) |
| 04/10/2018 | | Set/Reset Hearings: The Status Conference is rescheduled to 5/10/2018 at 5:00 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 04/10/2018) |

| 04/10/2018 | | Set/Reset Hearings: The Status Conference in this case presently set for 5/10/2018 at 5:00 PM is reset for 5/10/2018 at 4:00 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 04/10/2018) |
| 05/10/2018 | 91 | NOTICE of Appearance by William T. Marks on behalf of All Plaintiffs (Marks, William) (Entered: 05/10/2018) |
| 05/10/2018 | 92 | NOTICE by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Attachment A – Text of Press Release)(Newton, Emily) (Entered: 05/10/2018) |
| 05/10/2018 | | Minute Entry for proceedings held before Judge Richard J. Leon: Status Conference held on 5/10/2018. A Joint Status Report from the parties is due by 6/25/2018. (Court Reporter: William P. Zaremba) (jth) (Entered: 05/10/2018) |
| 05/16/2018 | 93 | TRANSCRIPT OF STATUS CONFERENCE HEARING PROCEEDINGS before Judge Richard J. Leon held on May 10, 2018; Page Numbers: 1–18. Date of Issuance: May 16, 2018. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fro m the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 6/6/2018. Redacted Transcript Deadline set for 6/16/2018. Release of Transcript Restriction set for 8/14/2018.(wz) (Entered: 05/16/2018) |
| 06/25/2018 | 94 | Joint STATUS REPORT by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Attachments: # 1 Text of Proposed Order Exhibit A – Proposed Order of Plaintiffs, # 2 Text of Proposed Order Exhibit B – Proposed Order of Defendants)(Shanmugam, Kannon) (Entered: 06/25/2018) |
| 07/16/2018 | | MINUTE ORDER. Upon consideration of 94 Joint Status Report, it is hereby ORDERED that the stay in this case is continued until October 19, 2018 to allow the U.S. Department of Housing and Urban Development (HUD) to consider public comment in response to the Advance Notice of Proposed Rulemaking issued June 20, 2018. It is further ORDERED that the parties shall file a joint status report on or before October 19, 2018, updating the Court on the status of HUDs consideration and proposing any next steps in this litigation. SO ORDERED. By Judge Richard J. Leon on 7/16/2018. (jth) (Entered: 07/16/2018) |
| 10/19/2018 | 95 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 10/19/2018) |

| 10/24/2018 | 96 | NOTICE of Appearance by Thomas Silverstein on behalf of LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW (Silverstein, Thomas) (Entered: 10/24/2018) |
|---|---|---|
| 10/26/2018 | | MINUTE ORDER. Upon consideration of 95 Joint Status Report, it is hereby ORDERED that the stay in this case is continued until December 18, 2018 to allow the U.S. Department of Housing and Urban Development (HUD) to issue a Notice of Proposed Rulemaking in response to public comments. It is further ORDERED that the parties shall file a joint status report on or before December 18, 2018, updating the Court on the status of HUD's issuance of the rule and proposing any next steps in this litigation. SO ORDERED. Signed by Judge Richard J. Leon on 10/26/18. (lcrjl3) (Entered: 10/26/2018) |
| 10/29/2018 | | Set/Reset Deadlines: The parties shall file a Joint Status Report by 12/18/2018, updating the Court on the status of HUD's issuance of the rule and proposing any next steps in this litigation. (jth) (Entered: 10/29/2018) |
| 12/18/2018 | 97 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 12/18/2018) |
| 12/21/2018 | | MINUTE ORDER. Upon consideration of 97 Joint Status Report, it is hereby ORDERED that the stay entered in this case is continued until February 1, 2019 to allow the U.S. Department of Housing and Urban Development (HUD) to issue a Notice of Proposed Rulemaking in response to public comments. It is further ORDERED that the parties shall file a joint status report on or before February 1, 2019, updating the Court on the status of HUD's issuance of the rule and proposing any next steps in this litigation. SO ORDERED. By Judge Richard J. Leon on 12/21/2018. (jth) (Entered: 12/21/2018) |
| 01/23/2019 | 98 | WITHDRAWN PURSUANT TO NOTICE FILED 01/28/19.....MOTION to Stay *all proceedings* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Newton, Emily) Modified on 1/30/2019 (jth). (Entered: 01/23/2019) |
| 01/28/2019 | 99 | NOTICE *of Restoration of Appropriations* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Newton, Emily) (Entered: 01/28/2019) |
| 02/01/2019 | 100 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 02/01/2019) |
| 02/06/2019 | | MINUTE ORDER. Upon consideration of 100 Joint Status Report, it is hereby ORDERED that the stay entered in this case is continued until March 15, 2019 to allow the Office of Management and Budget time to review the U.S. Department of Housing and Urban Development's Notice of Proposed Rulemaking. It is further ORDERED that the parties shall file a joint status report on or before March 15, 2019, updating the Court on the status of HUD's issuance of the rule and proposing any next steps in this litigation. SO ORDERED. By Judge Richard J. Leon on 2/6/19.(lcrjl3) (Entered: 02/06/2019) |
| 02/07/2019 | | Set/Reset Deadlines: The parties shall file a Joint Status Report by 3/15/2019, updating the Court on the status of HUD's issuance of the rule and proposing any next steps in this litigation. (jth) (Entered: 02/07/2019) |

| 03/11/2019 | 101 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. Attorney Allison Jones Rushing terminated. (Rushing, Allison) (Entered: 03/11/2019) |
|---|---|---|
| 03/13/2019 | 102 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Amanda Weingarten, :Firm– Paul, Weiss, Rifkind, Wharton & Garrison LLP, :Address– 1285 Avenue of the Americas, New York, NY 10019. Phone No. – 212–373–3276. Fax No. – 212–757–3990 Filing fee $ 100, receipt number 0090–5999455. Fee Status: Fee Paid. by AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Attachments: # 1 Declaration of Amanda Weingarten, # 2 Text of Proposed Order)(Shanmugam, Kannon) (Entered: 03/13/2019) |
| 03/14/2019 | 103 | Joint STATUS REPORT by BENJAMIN CARSON, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 03/14/2019) |
| 03/14/2019 | | MINUTE ORDER. Upon consideration of 103 Joint Status Report, it is hereby ORDERED that the stay entered in this case is continued until May 13, 2019 to allow the Office of Management and Budget time to review the U.S. Department of Housing and Urban Development's Notice of Proposed Rulemaking. It is further ORDERED that the parties shall file a joint status report on or before May 13, 2019, updating the Court on the status of HUD's issuance of the rule and proposing any next steps in this litigation. SO ORDERED. Signed by Judge Richard J. Leon on 3/14/19. (lcrjl3) (Entered: 03/14/2019) |
| 03/15/2019 | 104 | Unopposed MOTION to Dismiss *Without Prejudice* by AMERICAN INSURANCE ASSOCIATION (Attachments: # 1 Text of Proposed Order)(Shanmugam, Kannon) (Entered: 03/15/2019) |
| 03/15/2019 | 105 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMERICAN INSURANCE ASSOCIATION, NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. Attorney Adam Joshua Podoll terminated. (Podoll, Adam) (Entered: 03/15/2019) |
| 03/26/2019 | 106 | ORDER. Plaintiff American Insurance Association (AIA's) 104 Unopposed Motion to Dismiss Without Prejudice is GRANTED. SO ORDERED. (see order for complete details). Signed by Judge Richard J. Leon on 3/25/2019. (jth) (Entered: 03/26/2019) |
| 05/13/2019 | 107 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 05/13/2019) |
| 06/12/2019 | 108 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 06/12/2019) |
| 07/11/2019 | 109 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 07/11/2019) |
| 08/12/2019 | 110 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 08/12/2019) |

| 09/11/2019 | 111 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 09/11/2019) |
| 11/18/2019 | 112 | Joint STATUS REPORT by BENJAMIN CARSON, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 11/18/2019) |
| 01/17/2020 | 113 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 01/17/2020) |
| 01/21/2020 | | MINUTE ORDER. Upon review of 113 the parties' Joint Status Report, and for good cause shown therein, it is hereby ORDERED that the stay in this case is continued until March 17, 2020, on which date the parties shall file a joint status report, updating the Court on the expected timing of any further action by HUD and proposing any next steps in this case. Signed by Judge Richard J. Leon on 1/21/2020. (lcrjl2) (Entered: 01/21/2020) |
| 03/17/2020 | 114 | Joint STATUS REPORT by BENJAMIN CARSON, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 03/17/2020) |
| 03/18/2020 | | MINUTE ORDER. Upon consideration of 114 the parties' Joint Status Report, it is hereby ORDERED that this case remains stayed. It is further ORDERED that the parties shall file a joint status report apprising the Court of the expected timing of any further action by HUD and proposing any next steps in this case on or before May 18, 2020. SO ORDERED. Signed by Judge Richard J. Leon on 3/18/2020. (lcrjl2) (Entered: 03/18/2020) |
| 05/18/2020 | 115 | Joint STATUS REPORT by BENJAMIN S. CARSON, SR, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 05/18/2020) |
| 05/23/2020 | | MINUTE ORDER. Upon consideration of 115 the parties' Joint Status Report, it is hereby ORDERED that this case remains stayed. It is further ORDERED that the parties shall file a joint status report on or before July 17, 2020, updating the Court on the expected timing of any further government action and proposing any next steps in this case. SO ORDERED. Signed by Judge Richard J. Leon on 5/23/2020. (lcrjl2) (Entered: 05/23/2020) |
| 07/17/2020 | 116 | Joint STATUS REPORT by BENJAMIN S. CARSON, SR, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 07/17/2020) |
| 07/21/2020 | | MINUTE ORDER. Upon consideration of 116 the parties' Joint Status Report, it is hereby ORDERED that this case remains stayed. It is further ORDERED that the parties shall file a joint status report on or before August 17, 2020, updating the Court on the expected timing of any further government action and proposing any next steps in this case. SO ORDERED. Signed by Judge Richard J. Leon on 7/21/2020. (lcrjl2) (Entered: 07/21/2020) |
| 08/17/2020 | 117 | Joint STATUS REPORT by BENJAMIN S. CARSON, SR, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Newton, Emily) (Entered: 08/17/2020) |

| 08/18/2020 | | MINUTE ORDER. Upon consideration of <u>117</u> the parties' Joint Status Report, it is hereby ORDERED that this case remains stayed. It is further ORDERED that the parties shall file a joint status report on or before September 14, 2020, updating the Court on the expected timing of any further government action and proposing any next steps in this case. SO ORDERED. Signed by Judge Richard J. Leon on 8/18/2020. (lcrjl2) (Entered: 08/18/2020) |
|---|---|---|
| 09/14/2020 | <u>118</u> | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # <u>1</u> Text of Proposed Order)(Newton, Emily) (Entered: 09/14/2020) |
| 09/14/2020 | | MINUTE ORDER. Upon consideration of <u>118</u> the parties' Joint Status Report, it is hereby ORDERED that this case remains stayed. It is further ORDERED that the parties shall file a joint status report on or before December 14, 2020, updating the Court on the expected timing of any further government action and proposing any next steps in this case. SO ORDERED. Signed by Judge Richard J. Leon on 9/14/2020. (lcrjl2) (Entered: 09/14/2020) |
| 12/14/2020 | <u>119</u> | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # <u>1</u> Text of Proposed Order)(Newton, Emily) (Entered: 12/14/2020) |
| 12/18/2020 | | MINUTE ORDER. Upon consideration of <u>119</u> the parties' joint status report, it is hereby ORDERED that this case remains stayed. It is further ORDERED that the parties shall file a joint status report on or before February 12, 2021, updating the Court on the expected timing of any further government action and proposing any next steps in this case. SO ORDERED. Signed by Judge Richard J. Leon on 12/18/2020. (lcrjl2) (Entered: 12/18/2020) |
| 02/12/2021 | <u>120</u> | Joint STATUS REPORT by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Attachments: # <u>1</u> Text of Proposed Order of Plaintiff, # <u>2</u> Text of Proposed Order of Defendant)(Shanmugam, Kannon) (Entered: 02/12/2021) |
| 04/15/2021 | <u>121</u> | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Newton, Emily) (Entered: 04/15/2021) |
| 04/19/2021 | | MINUTE ORDER. Upon consideration of <u>121</u> the parties' Joint Status Report, it is hereby ORDERED that this case remains stayed. It is further ORDERED that the parties shall file a joint status report no later than July 14, 2021, updating the Court on the expected timing of any further government action and proposing any next steps in this case. SO ORDERED. Signed by Judge Richard J. Leon on 4/19/2021. (lcrjl2) (Entered: 04/19/2021) |
| 04/19/2021 | | Set/Reset Deadlines: Joint Status Report due by 7/14/2021. (zjd) (Entered: 04/19/2021) |
| 04/29/2021 | <u>122</u> | NOTICE *of Status Update* by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 04/29/2021) |
| 06/25/2021 | <u>123</u> | NOTICE *of Status Update* by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 06/25/2021) |
| 06/29/2021 | <u>124</u> | RESPONSE re <u>123</u> NOTICE of Status Update filed by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Newton, Emily) Modified on 6/30/2021 to add docket link (zjf). (Entered: 06/29/2021) |

| 07/01/2021 | | MINUTE ORDER. Upon consideration of plaintiff's 123 Notice of Status Update and the recent notice of proposed rulemaking issued by defendant United States Department of Housing and Urban Development, 86 Fed. Reg. 33,590, it is hereby ORDERED that a hearing on the parties' currently pending cross–motions for summary judgment shall be set for July 19, 2021 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 7/1/2021. (hmc) (Entered: 07/01/2021) |
| --- | --- | --- |
| 07/12/2021 | 125 | NOTICE of Appearance by James D. Todd, Jr on behalf of All Defendants (Todd, James) (Entered: 07/12/2021) |
| 07/19/2021 | | Minute Entry for Proceedings held before Judge Richard J. Leon: Motions Hearing held on 7/19/2021 re: Plaintiff's 60 MOTION for Summary Judgment, and 64 Defendants MOTION for Summary Judgment. The 60 64 Motions were Heard and Taken Under Advisement. The Court will allow supplemental submissions, not to exceed 20 pages, within two (2) weeks of the parties receipt of the transcript, limited to points raised during argument. (Court Reporter: Nancy Meyer) (jth) (Entered: 07/19/2021) |
| 08/02/2021 | 126 | TRANSCRIPT OF PROCEEDINGS before Judge Richard J. Leon held on 07/19/2021. Page Numbers: 1–41. Date of Issuance: 07/29/2021. Stenographic Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced a bove. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 8/23/2021. Redacted Transcript Deadline set for 9/2/2021. Release of Transcript Restriction set for 10/31/2021.(Meyer, Nancy) (Entered: 08/02/2021) |
| 08/02/2021 | | MINUTE ORDER. It is hereby ORDERED that the parties may, no later than August 16, 2021, file supplemental briefs, not to exceed 20 pages, regarding points raised during oral argument on 7/19/2021. SO ORDERED. Signed by Judge Richard J. Leon on 8/2/2021. (zjd) (Entered: 08/02/2021) |
| 08/09/2021 | 127 | Unopposed MOTION for Extension of Time to *File Supplement Brief* by BENJAMIN S. CARSON, SR, JULIAN CASTRO, SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 08/09/2021) |
| 08/10/2021 | | MINUTE ORDER. Upon consideration of defendants' 127 Motion for Extension of Time to File Supplemental Brief, it is hereby ORDERED that the motion is GRANTED. Each party may, no later than September 1, 2021, file a supplemental |

| | | |
|---|---|---|
| | | brief, not to exceed 20 pages, regarding points raised during oral argument on 7/19/2021. SO ORDERED. Signed by Judge Richard J. Leon on 8/10/2021. (lcrjl2) (Entered: 08/10/2021) |
| 09/01/2021 | 128 | SUPPLEMENTAL MEMORANDUM to re 64 MOTION for Summary Judgment filed by BENJAMIN S. CARSON, SR, JULIAN CASTRO, SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Todd, James) (Entered: 09/01/2021) |
| 09/01/2021 | 129 | SUPPLEMENTAL MEMORANDUM to re 60 MOTION for Summary Judgment filed by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 09/01/2021) |
| 01/03/2022 | 130 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. Attorney Emily Sue Newton terminated. (Newton, Emily) (Entered: 01/03/2022) |
| 08/03/2022 | 131 | NOTICE OF SUPPLEMENTAL AUTHORITY by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 08/03/2022) |
| 08/19/2022 | 132 | RESPONSE re 131 NOTICE OF SUPPLEMENTAL AUTHORITY filed by BENJAMIN S. CARSON, SR, JULIAN CASTRO, SHAUN DONOVAN, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Todd, James) (Entered: 08/19/2022) |
| 09/14/2022 | 133 | NOTICE of Status Update by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 09/14/2022) |
| 10/12/2022 | | MINUTE ORDER. Upon consideration of plaintiff's 133 Notice of Status Update, it is hereby ORDERED that a status conference is scheduled for Friday, October 21, 2022 at 3:30 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 10/12/2022. (lcrjl2) (Entered: 10/12/2022) |
| 10/12/2022 | | Set/Reset Hearings: Status Conference set for 10/21/2022 at 3:30 PM in Courtroom 18– In Person before Judge Richard J. Leon. (zgdf) (Entered: 10/12/2022) |
| 10/17/2022 | 134 | Consent MOTION to Reschedule Status Conference by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Attachments: # 1 Text of Proposed Order)(Shanmugam, Kannon) (Entered: 10/17/2022) |
| 10/17/2022 | | MINUTE ORDER. Upon consideration of plaintiff's 134 Consent Motion to Reschedule Status Conference, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the status conference currently scheduled for Friday, October 21, 2022 at 3:30 PM is hereby vacated and continued until Friday, October 28, 2022 at 4:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 10/17/2022. (lcrjl2) (Entered: 10/17/2022) |
| 10/17/2022 | | Set/Reset Hearings: Status Conference set for 10/28/2022 at 4:00 PM in Courtroom 18 (In–Person) before Judge Richard J. Leon. (smc) (Entered: 10/18/2022) |
| 10/28/2022 | | Minute Entry for Status Conference held on 10/28/2022 before Judge Richard J. Leon: A further Status Conference set for 11/30/2022 at 3:30 PM in Courtroom 18 (In–Person) before Judge Richard J. Leon. Someone from the General Counsel's office is to be present at the next hearing. Court Reporter: Jeff Hook. (smc) (Entered: 10/28/2022) |

| 11/23/2022 | 135 | MOTION Cancel November 30, 2022, Status Conference re Status Conference,, Set Hearings, *and Status Report* by BENJAMIN S. CARSON, SR, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 11/23/2022) |
|---|---|---|
| 11/28/2022 | | MINUTE ORDER. Upon consideration of defendants' 135 Status Report and Motion to Cancel the November 30, 2022, Status Conference, it is hereby ORDERED that the motion is GRANTED IN PART AND DENIED IN PART. It is further ORDERED that the status conference currently scheduled for November 30, 2022, is hereby vacated and continued until December 13, 2022, at 4:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 11/28/2022. (lcrjl2) (Entered: 11/28/2022) |
| 11/28/2022 | | Set/Reset Hearings: Status Conference set for 12/13/2022 at 4:00 PM in Courtroom 18 (In−Person) before Judge Richard J. Leon. (smc) (Entered: 11/29/2022) |
| 12/06/2022 | 136 | Consent MOTION to Reschedule Status Conference by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Attachments: # 1 Text of Proposed Order)(Shanmugam, Kannon) (Entered: 12/06/2022) |
| 12/08/2022 | 137 | MOTION to Cancel the December 13, 2022 Status Conf. re Set/Reset Hearings *and Status Report* by BENJAMIN S. CARSON, SR, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Todd, James) Modified on 12/12/2022 (ztth). (Entered: 12/08/2022) |
| 12/08/2022 | | MINUTE ORDER. Upon consideration of plaintiff's 136 Consent Motion to Reschedule Status Conference and defendants' 137 Status Report and Motion to Cancel the December 13, 2022, Status Conference, it is hereby ORDERED that plaintiff's Motion is GRANTED and defendants' Motion is DENIED. It is further ORDERED that the status conference currently scheduled for December 13, 2022, is hereby vacated and continued until December 19, 2022, at 3:30 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 12/8/2022. (lcrjl2) (Entered: 12/08/2022) |
| 12/08/2022 | | Set/Reset Hearings: Status Conference set for 12/19/2022 at 3:30 PM in Courtroom 18− In Person before Judge Richard J. Leon. (zjch, ) (Entered: 12/09/2022) |
| 12/19/2022 | | Minute Entry for Status Conference held on 12/19/2022 before Judge Richard J. Leon. Status Conference set for 1/13/2023 at 4:00 PM in Courtroom 18− In Person before Judge Richard J. Leon. Court Reporter: Lorraine Herman. (zjch) Modified to correct year on 12/20/2022 (smc). (Entered: 12/19/2022) |
| 01/03/2023 | 138 | NOTICE *of Status Update* by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 01/03/2023) |
| 01/05/2023 | | MINUTE ORDER. Upon consideration of plaintiffs' 138 Notice of Status Update, it is hereby ORDERED that defendants shall be prepared to advise the Court at the January 13 status conference whether they have a good−faith belief that the final rule will differ meaningfully from the 2013 Rule and, if so, the basis for that belief. SO ORDERED. Signed by Judge Richard J. Leon on 1/5/2023. (lcrjl2) (Entered: 01/05/2023) |
| 01/12/2023 | 139 | STATUS REPORT by BENJAMIN S. CARSON, SR, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Todd, James) (Entered: 01/12/2023) |

| 01/13/2023 | | Minute Entry for proceedings held before Judge Richard J. Leon: Status Conference held on 1/13/2023. Court Reporter Lisa Grimminger. (zjch, ) (Entered: 01/13/2023) |
|---|---|---|
| 01/27/2023 | 140 | NOTICE *of Government Filing in Related Case* by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 01/27/2023) |
| 01/31/2023 | 141 | RESPONSE re 140 Notice (Other) filed by BENJAMIN S. CARSON, SR, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Todd, James) (Entered: 01/31/2023) |
| 03/09/2023 | 142 | MOTION for a Status Conference by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) Modified event on 3/10/2023 (znmw). (Entered: 03/09/2023) |
| 03/17/2023 | 143 | RESPONSE re 142 MOTION for Status Conference *and Status Report* filed by BENJAMIN S. CARSON, SR, JULIAN CASTRO, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Todd, James) (Entered: 03/17/2023) |
| 03/22/2023 | 144 | REPLY to opposition to motion re 142 MOTION for Status Conference filed by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 03/22/2023) |
| 03/27/2023 | 145 | Consent MOTION for Leave to File *Second Amended Complaint* by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Attachments: # 1 Second Amended Complaint for Declaratory and Injunctive Relief)(Shanmugam, Kannon) (Entered: 03/27/2023) |
| 03/28/2023 | | MINUTE ORDER. Upon consideration of plaintiff's 145 Consent Motion for Leave to File Second Amended Complaint, it is hereby ORDERED that the motion is GRANTED. The Clerk is directed to file plaintiff's [145–1] Second Amended Complaint for Declaratory and Injunctive Relief. SO ORDERED. Signed by Judge Richard J. Leon on 3/28/2023. (lcrjl2) (Entered: 03/28/2023) |
| 03/28/2023 | 146 | SECOND AMENDED COMPLAINT against UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, MARIA L. FUDGE filed by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES.(znmw) (Entered: 03/29/2023) |
| 04/05/2023 | 147 | Joint MOTION for Briefing Schedule by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 04/05/2023) |
| 04/10/2023 | 148 | Consent MOTION to Stay re 146 Amended Complaint *Defendants' Deadline to Respond* by MARIA L. FUDGE, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 04/10/2023) |
| 04/11/2023 | | MINUTE ORDER. Upon consideration of the parties' 147 Joint Motion for Briefing Schedule, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that defendants shall serve the administrative record supplement on plaintiff by April 17, 2023; defendants shall file any supplemental brief by May 5, 2023; plaintiff shall file any supplemental response by May 19, 2023; and the parties shall file joint excerpts of record by May 31, 2023. It is further ORDERED that plaintiff's 142 Motion for Hearing is DENIED AS MOOT. SO ORDERED. Signed by |

| | | |
|---|---|---|
| | | Judge Richard J. Leon on 4/11/2023. (lcrjl2) (Entered: 04/11/2023) |
| 04/11/2023 | | Set/Reset Deadlines: Administrative Record Supplement due by 4/17/2023. Supplemental Brief due by 5/5/2023. Supplemental Response due by 5/19/2023. Joint Excerpts of Record due by 5/31/2023. (smc) (Entered: 04/11/2023) |
| 04/14/2023 | | MINUTE ORDER. Upon consideration of defendants' 148 Consent Motion to Stay Deadline to Respond to Second Amended Complaint, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that defendants' deadline to respond to 146 Second Amended Complaint is hereby STAYED. In the event this Court denies both parties' respective motions for summary judgment, defendants shall respond to 146 Second Amended Complaint within 14 days after any such order. SO ORDERED. Signed by Judge Richard J. Leon on 4/14/2023. (lcrjl2) (Entered: 04/14/2023) |
| 05/05/2023 | 149 | NOTICE of Appearance by Brian C. Rosen–Shaud on behalf of All Defendants (Rosen–Shaud, Brian) (Entered: 05/05/2023) |
| 05/05/2023 | 150 | SUPPLEMENTAL MEMORANDUM to re 64 MOTION for Summary Judgment filed by MARIA L. FUDGE, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Todd, James) (Entered: 05/05/2023) |
| 05/19/2023 | 151 | SUPPLEMENTAL MEMORANDUM to 60 *MOTION for Summary Judgment* filed by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. (Shanmugam, Kannon) (Entered: 05/19/2023) |
| 05/30/2023 | 152 | NOTICE *of Filing Joint Excerpts of Certified Administrative Record* by MARIA L. FUDGE, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT re 150 Supplemental Memorandum, 151 Supplemental Memorandum (Attachments: # 1 Index of Jt. Excerpts of Record, # 2 Jt. Excerpts of Record Part 1, # 3 Jt. Excerpts of Record Part 2, # 4 Jt. Excerpts of Record Part 3, # 5 Jt. Excerpts of Record Part 4, # 6 Jt. Excerpts of Record Part 5)(Todd, James) (Entered: 05/30/2023) |
| 05/30/2023 | 153 | NOTICE *of Filing Joint Excerpts of the Administrative Record – Part II* by MARIA L. FUDGE, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Jt. Excerpts Part 6, # 2 Jt. Excerpts Part 7, # 3 Jt. Excerpts Part 8, # 4 Jt. Excerpts Part 9, # 5 Jt. Excerpts Part 10, # 6 Jt. Excerpts Part 11)(Todd, James) (Entered: 05/30/2023) |
| 07/20/2023 | 154 | NOTICE *of Related Litigation* by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES (Shanmugam, Kannon) (Entered: 07/20/2023) |
| 09/19/2023 | 155 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 9/19/2023. (lcrjl2) (Entered: 09/19/2023) |
| 09/19/2023 | 156 | ORDER. Signed by Judge Richard J. Leon on 9/19/2023. (lcrjl2) (Entered: 09/19/2023) |
| 11/17/2023 | 157 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 156 Order on Motion for Summary Judgment, by NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES. Filing fee $ 505, receipt number ADCDC–10503812. Fee Status: Fee Paid. Parties have been notified. (Shanmugam, Kannon) (Entered: 11/17/2023) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL ASSOCIATION OF MUTUAL
INSURANCE COMPANIES,

               Plaintiff,

                v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,
*et al.*,

               Defendants.

Case No. 1:13-cv-00966 (RJL)

## NOTICE OF APPEAL

Plaintiff National Association of Mutual Insurance Companies appeals to the United States Court of Appeals for the District of Columbia Circuit from the order denying summary judgment in favor of plaintiff, granting summary judgment in favor of defendants, and dismissing the case in its entirety, Dkt. 156, entered on September 19, 2023.

          /s/ *Kannon K. Shanmugam*
          Kannon K. Shanmugam
          PAUL, WEISS, RIFKIND,
           WHARTON & GARRISON LLP
          2001 K Street, N.W.
          Washington, DC 20006
          (202) 223-7300
          kshanmugam@paulweiss.com

         *Counsel for National Association of*
         *Mutual Insurance Companies*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL ASSOCIATION OF** | ) | |
| **MUTUAL INSURANCE COMPANIES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 13-966 (RJL)** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF HOUSING AND URBAN** | ) | |
| **DEVELOPMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**
(September 19, 2023) [Dkt. ## 60, 64]

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiff National Association of Mutual Insurance Companies'

Motion for Summary Judgment [Dkt. #60] is **DENIED**. It is further

**ORDERED** that defendants United States Department of Housing and Urban

Development and Marcia L. Fudge's Motion for Summary Judgment [Dkt. #64] is

**GRANTED**. It is further

**ORDERED** that the case is **DISMISSED** in its entirety.

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Case No. 13-966 (RJL) |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

(September *19*, 2023) [Dkt. ## 60, 64]

The U.S. Department of Housing and Urban Development has promulgated a Rule that creates a legal framework for establishing disparate-impact claims under the Fair Housing Act.  That Disparate-Impact Rule first came to be in 2013, after which two associations whose members sell homeowner's insurance challenged it as exceeding HUD's authority.  As originally conceived, this action posed the question whether disparate-impact claims are permissible at all under the Fair Housing Act.  In 2014, I answered that question in the negative, *Am. Ins. Ass'n v. HUD*, 74 F. Supp. 3d 30, 32 (D.D.C. 2014), but the Supreme Court in *Texas Department of Housing & Community Affairs v. Inclusive Communities Project, Inc.* (*Inclusive Communities*), 576 U.S. 519 (2015), several months later answered the same question in the affirmative.  Consequently, this action moved in a different direction after it went on appeal to our Circuit Court. Undaunted, the associations still argued that the Disparate-Impact Rule is unlawful, but

they advanced a new theory that the Rule expands the Supreme Court's judicially approved disparate-impact liability concept beyond certain parameters laid out in *Inclusive Communities*.

Amazingly that theory has remained untested for seven years, in what is sure to be a case study in government by rulemaking!   In that time—a period covering three Presidential administrations—the Disparate-Impact Rule was substantially overhauled, then stayed, then revived to its original form.   Along the way, one of the two associations dropped out of the action, leaving the National Association of Mutual Insurance Companies ("NAMIC") as the only plaintiff.   The good news for NAMIC is that its challenge is, at long last, ripe for decision.   The bad news for NAMIC is that its post–*Inclusive Communities* arguments for invalidating the Disparate-Impact Rule, creative as they might be, are unconvincing.   Indeed, because I have concluded that the Rule does not conflict with the Fair Housing Act as applied to insurers' underwriting and rating practices, I must DENY NAMIC's motion for summary judgment and GRANT HUD's cross-motion for summary judgment.

## BACKGROUND

### I.   The Fair Housing Act and the 2013 Rule

Enacted in 1968, Title VIII of the Civil Rights Act of 1968—commonly known as the Fair Housing Act ("FHA")—furthers the congressional policy "to provide, within constitutional limitations, for fair housing throughout the United States."   Civil Rights Act of 1968, Pub. L. No. 90-284, § 801, 82 Stat. 73, 81 (codified at 42 U.S.C. § 3601).   The FHA makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to

refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of" certain protected characteristics.  42 U.S.C. § 3604(a). It also makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of" the same characteristics.  *Id.* § 3604(b).[1]

Absent from the FHA, however, is explicit language specifying the types of discrimination claims created by those provisions.  While it was undisputed that the FHA prohibits housing policies and practices that intentionally discriminate on the basis of a protected characteristic, *2922 Sherman Ave. Tenants' Ass'n v. District of Columbia*, 444 F.3d 673, 682 (D.C. Cir. 2006); *see Inclusive Cmtys.*, 576 U.S. at 558 (Alito, J., dissenting) ("Everyone agrees that the FHA punishes intentional discrimination."), it was much less clear (at least until 2015) whether the FHA also recognizes so-called disparate-impact liability—that is, a housing policy or practice "that [is] not intended to discriminate but in fact ha[s] a disproportionately adverse effect on" individuals with a protected characteristic, *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009); *see Greater New Orleans Fair Hous. Action Ctr. v. HUD*, 639 F.3d 1078, 1085 (D.C. Cir. 2011) ("We have not decided whether [the FHA] permits disparate impact claims.").  In 2011, the Supreme Court granted

---

[1] The characteristics protected by the FHA, as originally enacted, were race, color, religion, and national origin.  Civil Rights Act of 1968 § 804(a)–(b), 82 Stat. at 83.  In 1974 amendments, Congress expanded the list of protected characteristics to include sex, Housing and Community Development Act of 1974, Pub. L. No. 93-383, § 808(b)(1), 88 Stat. 633, 729, and in 1988 amendments, familial status and handicap were added, Fair Housing Amendments Act of 1988, Pub. L. No. 100-430, § 6(a), (b)(2), 102 Stat. 1619, 1620–22 (codified as amended at 42 U.S.C. § 3604(a)–(b), (f)).

certiorari in *Magner v. Gallagher*, 565 U.S. 1013 (2011), to address that very question. *See* Petition for Writ of Certiorari at i, *Magner*, No. 10-1032 (U.S. Feb. 14, 2011).

Just nine days later, HUD, supposedly having "long interpreted" the FHA to allow disparate-impact liability, proposed a rule that would "establish uniform standards for determining when a housing practice with a discriminatory effect violates the Fair Housing Act." Implementation of the Fair Housing Act's Discriminatory Effects Standard, 76 Fed. Reg. 70,921, 70,921 (proposed Nov. 16, 2011) (to be codified at 24 C.F.R. pt. 100).[2] The parties in *Magner* settled their case, however, before the Supreme Court could address its merits. 565 U.S. 1187 (2012). The rulemaking nevertheless continued. HUD published its final Rule in February 2013 (the "2013 Rule"), "formaliz[ing] its long-held recognition of discriminatory effects liability under the Act" and creating a three-step "burden-shifting test for determining whether a given practice has an unjustified discriminatory effect, leading to liability under the Act." Implementation of the Fair Housing Act's Discriminatory Effects Standard ("2013 Rule"), 78 Fed. Reg. 11,460, 11,460 (Feb. 15, 2013) (to be codified at 24 C.F.R. pt. 100).

Under the first step of the framework, a plaintiff had the burden of proving "that a challenged practice caused or predictably will cause a discriminatory effect," 24 C.F.R. § 100.500(c)(1) (2013), that is, when the practice "actually or predictably results in a disparate impact on a group of persons or creates, increases, reinforces, or perpetuates

---

[2] The 1988 amendments to the FHA vested the Secretary of HUD with authority to make rules, after notice and comment, to carry out the goals of the FHA. Fair Housing Amendments Act of 1988 § 8, 102 Stat. at 1635 (codified as amended at 42 U.S.C. § 3614a).

segregated housing patterns because of race, color, religion, sex, handicap, familial status, or national origin," *id.* § 100.500(a). If that burden was met, the defendant bore the burden at the second step of proving that the practice was "necessary to achieve one or more substantial, legitimate, nondiscriminatory interests." *Id.* § 100.500(c)(2). If that burden was also met, the burden returned at the third step to the plaintiff to prove that "the substantial, legitimate, nondiscriminatory interests supporting the challenged practice could be served by another practice that has a less discriminatory effect." *Id.* § 100.500(c)(3). At the last two steps, the burden could *not* be met with hypotheticals or speculation; hard evidence was required. *Id.* § 100.500(b)(2).

The 2013 Rule expressly applied to providers of homeowner's insurance, such as the members of the two original plaintiffs in this action, NAMIC and the American Insurance Association ("AIA"). 2013 Rule, 78 Fed. Reg. at 11,474–75; Compl. [Dkt. #1] ¶¶ 7–8.[3] Indeed, they commenced this action against HUD and its Secretary (hereinafter referred to collectively and in the singular, "HUD") after the 2013 Rule was issued, claiming violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, and the FHA. Compl. ¶ 1. Their position then was that the FHA prohibited only intentional discrimination and so HUD's promulgation of a Rule recognizing disparate-impact liability exceeded its statutory jurisdiction, authority, and limitations, or was otherwise not in

---

[3] In 2019, AIA merged with a separate organization called the Property Casualty Insurers Association of America, who was pursuing its own challenge to the 2013 Rule in the U.S. District Court for the Northern District of Illinois. The merged organization, called the American Property Casualty Insurance Association, continued pressing its claims in Illinois, and so AIA sought and obtained a dismissal of its claims here pursuant to Federal Rule of Civil Procedure 41(a)(2). Unopposed Mot. to Dismiss [Dkt. #104]; Order (Mar. 25, 2019) [Dkt. #106].

accordance with law. *Id.* ¶¶ 43–50, 66–73; *see* 5 U.S.C. § 706(2)(A), (C). I agreed, granting the associations' motion for summary judgment and vacating the 2013 Rule. *Am. Ins. Ass'n*, 74 F. Supp. 3d at 32.[4]

As I forecasted, however, my decision would not be the final say on disparate-impact liability under the FHA, *id.* at 47, for the Supreme Court had just recently granted certiorari in *Inclusive Communities*, 573 U.S. 991 (2014), its third attempt to resolve whether disparate-impact claims are cognizable under the FHA. *See* Petition for Writ of Certiorari at i, *Inclusive Cmtys.*, 576 U.S. 519 (No. 13-1371). With four Justices in dissent, it answered that question in the affirmative. *Inclusive Cmtys.*, 576 U.S. at 545–46. It did, however, impose certain limitations on disparate-impact liability under the FHA, cautious not to allow "disparate-impact liability [to] displace valid governmental and private priorities." *Id.* at 544. For one, at the prima facie stage of the analysis, "a disparate-impact claim that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies *causing* that disparity." *Id.* at 542 (emphasis added). This "causality requirement" is "robust": a mere statistical correlation is insufficient, and external factors that might limit a defendant's discretion can sever the causal connection between a housing practice and any disparate impact. *Id.* at 542–43. If a prima facie case is met, it is a defense to a disparate-impact claim if a housing practice or policy is proven

---

[4] Summary judgment briefing, oral argument, and my decision all occurred after a stay that was ordered when the Supreme Court granted certiorari in *Township of Mount Holly v. Mt. Holly Gardens Citizens in Action, Inc.*, 570 U.S. 904 (2013), to resolve the statutory question first presented in *Magner*. *See* Petition for Writ of Certiorari at i, *Township of Mount Holly*, No. 11-1507 (U.S. June 11, 2012). Unfortunately, the parties in *Township of Mount Holly*, like those in *Magner*, once again settled before the Supreme Court could issue a decision on the merits. 571 U.S. 1020 (2013).

to be "necessary to achieve a valid interest." *Id.* at 541. In the final calculus, housing practices or policies "are not contrary to the disparate-impact requirement unless they are 'artificial, arbitrary, and unnecessary barriers.'" *Id.* at 543 (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971)).

While it goes without saying that *Inclusive Communities* overruled much of this Court's first opinion, our Circuit Court vacated my order granting summary judgment and predictably remanded the case for further consideration in light of *Inclusive Communities*. Order, *Am. Ins. Ass'n v. HUD*, No. 14-5321 (D.C. Cir. Sept. 23, 2015). On remand, the associations requested and obtained leave to file an amended complaint. Not surprisingly, they still alleged violations of the APA and the FHA but focused on more specific ways in which the 2013 Rule ran afoul of the limitations to disparate-impact liability imposed by the Supreme Court in *Inclusive Communities*. Am. Compl. [Dkt. #57] ¶¶ 1–8, 47–61, 76–107. New summary judgment briefing followed shortly thereafter. Pls.' Mot. for Summ. J. ("NAMIC Mot.") [Dkt. #60]; Defs.' Mot. for Summ. J. ("HUD Mot.") [Dkt. #64]; Defs.' Opp'n [Dkt. #65]; Pls.' Opp'n [Dkt. #68]; Pls.' Reply [Dkt. #69]; Defs.' Reply [Dkt. #70].

Oral argument was scheduled to occur in February 2017, but the recent change of Presidential administrations had the unfortunate effect of creating an extended delay in this litigation. For example, the case had to be stayed for over a year to allow for individuals in certain leadership positions at HUD and the Department of Justice to be nominated, confirmed, and brought up to speed on this litigation. Min. Order (Feb. 15, 2017); Joint Status Report (July 12, 2017) [Dkt. #79]; Joint Mot. to Continue Status Conference (Feb. 7, 2018) [Dkt. #88]. Once the dust settled by mid-2018, however, the stay continued

because HUD apparently had second thoughts about maintaining and defending the 2013

Rule.   Indeed, the agency issued an Advance Notice of Proposed Rulemaking seeking

public comment on possible amendments to the Rule following *Inclusive Communities*.

Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact

Standard, 83 Fed. Reg. 28,560 (proposed June 20, 2018) (to be codified at 24 C.F.R. pt.

100); *see also* Joint Status Report (June 25, 2018) [Dkt. #94].   And that fall, it shared its

plans to issue a Notice of Proposed Rulemaking, Joint Status Report (Oct. 19, 2018) [Dkt.

#95], which it finally published in August 2019.   HUD's Implementation of the Fair

Housing Act's Disparate Impact Standard, 84 Fed. Reg. 42,854 (proposed Aug. 19, 2019)

(to be codified at 24 C.F.R. pt. 100).

## II.     The 2020 Rule

Ultimately, it took another year for HUD to publish its new final Rule (the "2020

Rule") replacing the 2013 Rule, after which the case remained stayed.   HUD's

Implementation of the Fair Housing Act's Disparate Impact Standard ("2020 Rule"), 85

Fed. Reg. 60,288 (Sept. 24, 2020) (to be codified at 24 C.F.R. pt. 100); *see* Joint Status

Report (Dec. 14, 2020) [Dkt. #119].   But the new Rule, not surprisingly, invited new

litigation elsewhere.   Relative to the 2013 Rule, the 2020 Rule made it more difficult for

plaintiffs to advance disparate-impact claims and easier for defendants to justify housing

practices and policies so as to avoid liability.   2020 Rule, 85 Fed. Reg. at 60,292–97.

Unhappy with that development, fair housing organizations challenged the 2020 Rule

under the APA, and they were able to obtain a preliminary injunction in a Massachusetts

District Court postponing its effective date. *Mass. Fair Hous. Ctr. v. HUD*, 496 F. Supp. 3d 600, 607, 611–12 (D. Mass. 2020).

That ruling was in late 2020, just before yet another change of Presidential administrations. That new administration unsurprisingly quickly announced its opposition to the 2020 Rule, Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies, 2021 Daily Comp. Pres. Doc. 90 (Jan. 26, 2021), and by June 2021, HUD issued a Notice of Proposed Rulemaking with plans "to recodify its previously promulgated rule," the 2013 Rule. Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33,590, 33,590 (proposed June 25, 2021) (to be codified at 24 C.F.R. pt. 100). According to HUD, the 2013 Rule "better states Fair Housing Act jurisprudence and is more consistent with the Fair Housing Act's remedial purposes." *Id.* With such strong indications of a reversion back to the 2013 Rule, I finally held oral argument on the parties' cross-motions for summary judgment in July 2021—nearly four and a half years after originally scheduled. Tr. of Oral Arg. (July 19, 2021) [Dkt. #126]. The parties also submitted supplemental briefs after argument. Suppl. Br. in Supp. of Defs.' Mot. for Summ. J. [Dkt. #128]; Suppl. Br. of Pl. [Dkt. #129]. Still, the case remained stayed thereafter and through the publication of HUD's new Rule in March 2023 (the "2023 Rule").

## III.    The 2023 Rule

The 2023 Rule comes as advertised, reinstating *verbatim* the disparate-impact standard from the 2013 Rule. Reinstatement of HUD's Discriminatory Effects Standard ("2023 Rule"), 88 Fed. Reg. 19,450, 19,454–55 (Mar. 31, 2023) (to be codified at 24 C.F.R.

pt. 100).[5]  To establish a claim for disparate-impact liability under the FHA, a plaintiff

bears the initial burden of proving "that a challenged practice caused or predictably will

cause a discriminatory effect." 24 C.F.R. § 100.500(c)(1) (2023).[6]  A practice has such an

effect "where it actually or predictably results in a disparate impact on a group of persons

or creates, increases, reinforces, or perpetuates segregated housing patterns because of race,

color, religion, sex, handicap, familial status, or national origin." *Id.* § 100.500(a).  If the

plaintiff meets that initial burden, the defendant must then prove "that the challenged

practice is necessary to achieve one or more substantial, legitimate, nondiscriminatory

interests" of the defendant.  *Id.* § 100.500(c)(2); *see also id.* § 100.500(b)(1)(i).  If the

defendant meets that burden, the plaintiff may still prevail if it proves "that the substantial,

legitimate, nondiscriminatory interests supporting the challenged practice could be served

by another practice that has a less discriminatory effect." *Id.* § 100.500(c)(3); *see also id.*

§ 100.500(b)(1)(ii).  As with the 2013 Rule, the final two burdens in the analysis "must be

supported by evidence and may not be hypothetical or speculative." *Id.* § 100.500(b)(2).

---

[5] The only part of the 2020 Rule that the 2023 Rule retains is one example of an activity that would violate the prohibition on "engag[ing] in any conduct relating to the provision of housing or of services and facilities in connection therewith that otherwise makes unavailable or denies dwellings to persons," "because of" a protected characteristic.  24 C.F.R. § 100.70(b) (2023).  The example is as follows: "Enacting or implementing land-use rules, ordinances, procedures, building codes, permitting rules, policies, or requirements that restrict or deny housing opportunities or otherwise make unavailable or deny dwellings to persons because of race, color, religion, sex, handicap, familial status, or national origin." *Id.* § 100.70(d)(5); *see* 2023 Rule, 88 Fed. Reg. at 19,455, 19,500.

[6] This opinion cites to the Code of Federal Regulations for the language codified therein and hereafter refers to that language as the "Disparate-Impact Rule."  It cites to the Federal Register for the preambles of the 2013 Rule and the 2023 Rule.

After the 2023 Rule was published, NAMIC[7] obtained leave to amend the complaint again, with minimal changes given that the 2023 Rule simply reinstated the 2013 Rule.  *See* Second Am. Compl. [Dkt. #146] ¶¶ 14–17; *id.* at 22.  The parties then submitted yet another round of supplemental briefs.  Suppl. Br. in Supp. of Defs.' Mot. for Summ. J. ("HUD Second Suppl. Br.") [Dkt. #150]; Suppl. Br. of Pl. [Dkt. #151].  At last their motions are now ripe for review.

## LEGAL STANDARD

On a motion for summary judgment in an action challenging an agency action, the typical standard under Federal Rule 56(a) does not apply.  *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083–84 (D.C. Cir. 2001).  Rather, "as an appellate tribunal," *id.*, the district court "must decide as a matter of law 'whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review.'"  *Cayuga Nation v. United States*, 594 F. Supp. 3d 64, 71 (D.D.C. 2022) (Lamberth, J.) (quoting *Coe v. McHugh*, 968 F. Supp. 2d 237, 240 (D.D.C. 2013) (Contreras, J.)).  Under the APA, a reviewing court shall set aside a final agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or one found to be "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2)(A), (C).  A court reviews "an agency's construction of the statute which it administers" under the two-step framework of *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984).  At step

---

[7] *See supra* note 3 and accompanying text.

one, the court must determine "whether Congress has directly spoken to the precise question at issue." *Id.* If so, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43. If, however, "the statutory provision in question is 'silent or ambiguous with respect to the specific issue,'" the court moves to step two and must defer to the agency's interpretation so long as it "is based on a permissible construction of the statute." *N.Y. Stock Exch. LLC v. SEC*, 962 F.3d 541, 552 (D.C. Cir. 2020) (quoting *Chevron*, 467 U.S. at 843).

With respect to standing and ripeness, "district courts are not limited to the administrative record." *Ctr. for Biological Diversity v. Regan*, 597 F. Supp. 3d 173, 187 (D.D.C. 2022) (Moss, J.). As the party invoking federal jurisdiction, the plaintiff "must 'set forth' by affidavit or other evidence 'specific facts'" supporting standing, "which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting Fed. R. Civ. P. 56(e)). "Similarly, a defendant may move for summary judgment on standing, seeking to demonstrate 'that there is no genuine dispute as to any material fact' and that [a] plaintiff[] cannot establish the required elements of Article III standing based on the record evidence." *Ctr. for Biological Diversity*, 597 F. Supp. 3d at 187 (citations omitted) (quoting Fed. R. Civ. P. 56(c)). Those same standards apply to the question of whether a claim is ripe for adjudication, on constitutional grounds or for prudential reasons. *Garcia v. Acosta*, 393 F. Supp. 3d 93, 103 (D.D.C. 2019) (Moss, J.).

## DISCUSSION

I.   **Constitutional Standing and Ripeness**

For similar reasons as in 2014, *see Am. Ins. Ass'n*, 74 F. Supp. 3d at 36–39, NAMIC

has standing to challenge the Disparate-Impact Rule.   As an association, NAMIC has

standing only if (1) at least one of its members has standing to sue in its own right, (2) the

interests that NAMIC seeks to protect by suing are germane to its purpose, and (3) neither

the asserted claim nor the relief requested requires individual members to participate in the

litigation.  *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 66 (D.C. Cir. 2022).  The latter

two requirements are easily met.   The interests being protected by NAMIC here are its

*raison d'être*, *see* Second Am. Compl. ¶ 18, and the Court "see[s] no reason—nor has any

been identified—that an individual member's participation is required." *Ctr. for Biological

Diversity*, 56 F.4th at 67.

As to the first requirement, no doubt at least one of NAMIC's members has standing

to sue on its own—in fact, every single member likely has standing.  A member would

have standing upon a showing of an "injury in fact that was caused by the conduct of the

defendants and that can be redressed by judicial relief." *Pub. Citizen, Inc. v. Nat'l Highway

Traffic Safety Admin.*, 489 F.3d 1279, 1289 (D.C. Cir. 2007).  The 2023 Rule, by its own

terms, applies to the insurance practices engaged in by NAMIC's members. *See* 2023 Rule,

88 Fed. Reg. at 19,463–80 (explaining in detail HUD's decision not to exempt insurance

industry, as requested by commenters in notice-and-comment).  And it sets a legal standard

under which insurance companies may become liable for violating the FHA.  *See id.* at

19,500.  That legal exposure is an injury in fact caused by HUD's rulemaking, and the

liability would be eliminated by a decision in NAMIC's favor. *See Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 43 (D.C. Cir. 2015) ("[R]egulated entities' standing to challenge the rules that govern them is normally not an issue, because regulatory constraints typically qualify as injury in fact." (cleaned up)).

Not so fast, says HUD.   It takes the position that the 2023 Rule "essentially duplicates pre-existing legal duties" imposed by the FHA and therefore does not cause any injury to NAMIC's members that can be redressed with a favorable ruling.   HUD Second Suppl. Br. at 12–15.   It points to cases in which a plaintiff lacks standing because two independent government actions produce the same harm but only one is challenged.   *See, e.g.*, *Delta Constr. Co. v. EPA*, 783 F.3d 1291, 1296–97 (D.C. Cir. 2015) (per curiam) (no standing to challenge EPA standards when unchallenged NHTSA standards independently caused same harm); *see also Texas v. EPA*, 726 F.3d 180, 198 (D.C. Cir. 2013) (no standing to challenge rule that actually *mitigated* the injury from a self-executing statute).   The same is true here, says HUD: even if the 2023 Rule is vacated, the FHA's disparate-impact liability, as interpreted in *Inclusive Communities* and other opinions, still applies to NAMIC's members.   HUD Second Suppl. Br. at 13–15.   I disagree.

HUD curiously undersells the Disparate-Impact Rule, which does not simply restate preexisting legal duties.   In "providing consistency nationwide," 2013 Rule, 78 Fed. Reg. at 11,460, the Rule "confirmed preexisting legal standards in some circuits, [but] it went beyond established law in others." *Prop. Cas. Insurers Ass'n of Am. v. Donovan*, 66 F. Supp. 3d 1018, 1043 (N.D. Ill. 2014); *see* 2013 Rule, 78 Fed. Reg. at 11,462 (discussing divergent standards adopted by various U.S. courts of appeals).   It did even more in our

14

Circuit, where no judicially crafted standard has ever existed. *See Greater New Orleans Fair Hous. Action Ctr.*, 639 F.3d at 1085. And that calculus has not changed since *Inclusive Communities*. In holding that the FHA allows for disparate-impact claims, the Supreme Court recognized some outer boundaries on disparate-impact liability, 576 U.S. at 540–45, but it did not purport to establish a uniform legal standard or framework for deciding such claims. *Id.* at 586 (Alito, J., dissenting) (observing that majority opinion left unanswered specific questions about proving a disparate-impact claim). The Disparate-Impact Rule may well be "[c]onsistent with [HUD's] own past practice and that of many federal courts." 2013 Rule, 78 Fed. Reg. at 11,463. But the Rule can hardly be said to have zero practical effect in light of preexisting legal duties. If it did, why promulgate it in the first place?

HUD also argues that NAMIC's evidentiary submissions fall short of showing an "actual or imminent" injury. HUD Second Suppl. Br. at 10–12; *see Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). When NAMIC moved for summary judgment in 2016, it submitted affidavits from fifteen employees at certain of its member companies, and they all explained that they would need to start collecting data about applicants' and insureds' protected characteristics (which they otherwise do not do) in order to ensure compliance with the Disparate-Impact Rule. *E.g.*, Christy Aff. [Dkt. #60-4] ¶¶ 4–10; Hayward Aff. [Dkt. #60-6] ¶¶ 5–7, 12–14. According to HUD, those data-collection burdens are too hypothetical and speculative to count as an injury for purposes of Article III standing. HUD Second Suppl. Br. at 10–11. And, from HUD's perspective, the proof is in the pudding: "In the seven years since summary judgment briefing,

15

[NAMIC] still has not come forward with any evidence substantiating its claims of present or imminent injury to its members." *Id.* at 11.

But NAMIC's standing is "self-evident," and so it need not rely on evidence outside the administrative record to establish its standing. *Sierra Club v. EPA*, 292 F.3d 895, 899–900 (D.C. Cir. 2002). When a plaintiff challenges an administrative action and is "an object of th[at] action," usually "no evidence outside the administrative record is necessary for the court to be sure of" the plaintiff's standing. *Id.* Nothing further is required because "'there is ordinarily little question' that a regulated individual or entity has standing to challenge an allegedly illegal statute or rule under which it is regulated." *State Nat'l Bank of Big Spring v. Lew*, 795 F.3d 48, 53 (D.C. Cir. 2015) (quoting *Defs. of Wildlife*, 504 U.S. at 561–62). And there is little question here. As noted above, the 2023 Rule expressly applies to the insurance practices engaged in by NAMIC's members, and it exposes those insurers to disparate-impact liability beyond what they otherwise would. 2023 Rule, 88 Fed. Reg. at 19,463–80, 19,500. NAMIC therefore has established its standing even without the data-collection burdens its members would purportedly bear under the 2023 Rule.

For much the same reasons, this action is constitutionally ripe for review. *See POET Biorefining, LLC v. EPA*, 970 F.3d 392, 403 (D.C. Cir. 2020) ("Constitutional ripeness is subsumed into the Article III requirement of standing, which requires a petitioner to allege *inter alia* an injury-in-fact that is imminent or certainly impending." (internal quotation marks omitted) (quoting *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386 (D.C. Cir. 2012))). While I acknowledge this action is a so-called "pre-enforcement suit," in which a regulated

entity is challenging the validity of a law before violating that law, *State Nat'l Bank*, 795 F.3d at 53–54, that sort of posture does *not* make a case premature.   Federal courts "'normally do not require plaintiffs to bet the farm' by violating the law in order to challenge" an administrative action. *Id.* at 54 (quoting *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 490 (2010)).   And HUD does not offer any reason to force NAMIC's members to bet their farm before their association can challenge the 2023 Rule here. *See* HUD Second Suppl. Br. at 17.   This case is therefore constitutionally ripe.

## II.   Prudential Ripeness

"Even if a case is 'constitutionally ripe,' though, there may also be 'prudential reasons for refusing to exercise jurisdiction.'" *Am. Petroleum Inst.*, 683 F.3d at 386 (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)).   Not so, however, here!   The aim of prudential ripeness, in a nutshell, is to have "Article III courts make decisions only when they have to, and then, only once." *Id.* at 387.   In the administrative context, the doctrine seeks to prevent courts "from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *In re Aiken County*, 645 F.3d 428, 433 (D.C. Cir. 2011) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967)).   It also "protect[s] the expenditure of judicial resources [and] comports with [the courts'] theoretical role as the governmental branch of last resort." *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir. 1996).   Courts are thus tasked with evaluating "two factors in deciding whether to stay their hand: the 'fitness of the issues for

judicial decision' and 'the extent to which withholding a decision will cause hardship to the parties.'" *Ctr. for Biological Diversity v. EPA*, 722 F.3d 401, 408 (D.C. Cir. 2013) (quoting *Am. Petroleum Inst.*, 683 F.3d at 387).

As to the "fitness" factor, NAMIC's claims are "presumptively suitable for judicial review" because they "raise purely legal questions." *Kaufman v. Nielsen*, 896 F.3d 475, 483 (D.C. Cir. 2018) (quoting *Venetian Casino Resort, L.L.C. v. EEOC*, 409 F.3d 359, 364 (D.C. Cir. 2005)).  NAMIC's position is that the Disparate-Impact Rule runs contrary to the FHA in all applications to insurers' underwriting and rating practices.[8]  Second Am. Compl. at 18–22.  Although, as detailed below, that position places a heavy burden on NAMIC, it nonetheless presents pure legal questions that NAMIC can raise now, before one of its members gets sued for practices that allegedly have a disparate impact.  *See Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 440 F.3d 459, 464–65 (D.C. Cir. 2006) (facial challenge to regulation governing discharge permits as exceeding statutory authority was ripe, even though each permitting decision will rest on case-specific findings).  In other words, case-specific factual development would not, as HUD thinks, "significantly advance [the Court's] ability to deal with the legal issues presented nor aid [it] in their resolution." *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 82 (1978); HUD Second Suppl. Br. at 18–19.

---

[8] Underwriting refers to the decisions of whether to accept or decline an application for insurance and how to group an insurance policy with other policies that have similar risk profiles.  1 Steven Plitt et al., Couch on Insurance § 1:2 (3d ed. 2023); Daniel Schwarcz, *Towards a Civil Rights Approach to Insurance Anti-discrimination Law*, 69 DePaul L. Rev. 657, 664 (2020).  Rating refers to the setting of the premium to be paid by a group of policyholders, based on the risk insured. Plitt et al., *supra*, § 1:3; *see also* Schwarcz, *supra*, at 664 ("In practice, the line between rating and underwriting has become increasingly blurred in recent decades.").

And because the Disparate-Impact Rule marks the end of the administrative road, there is no concern that the Court's review would "disrupt" an ongoing "administrative process." *Diamond Shamrock Corp. v. Costle*, 580 F.2d 670, 674 (D.C. Cir. 1978). With the Disparate-Impact Rule, HUD has "crystalized its position" on the scope of disparate-impact liability under the FHA, *Sprint Corp. v. FCC*, 331 F.3d 952, 957 (D.C. Cir. 2003), and private parties who believe they have been wronged may seek to establish such liability without any further decision-making from HUD. 24 C.F.R. § 100.500 (2023). The Rule is therefore unlike the agency actions challenged in some cases on which HUD relies, which contemplate further agency decisions. HUD Second Suppl. Br. at 18–19. For example, in *Diamond Shamrock*, the challenged regulation governed the measurement of wastewater discharge to be used by regional EPA administrators when issuing permits in the future. 580 F.2d at 672. And in *Office of Communication of United Church of Christ v. FCC*, the challenged policy statement outlined a framework that the FCC might apply in deciding whether to postpone review of a future license-transfer application. 826 F.2d 101, 103 (D.C. Cir. 1987). In those cases, "judicial intervention would inappropriately interfere with further administrative action." *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733 (1998). Not so with the Disparate-Impact Rule.

The "hardship" factor weighs heavily in favor of reviewing the claims now. HUD's contention that NAMIC's challenge to the Disparate-Impact Rule would be ripe only after a specific underwriting or rating practice has been challenged as causing a disparate impact under the Rule is practically unworkable. HUD Second Suppl. Br. at 18–19. Indeed, it's no surprise that courts typically do not require parties to flout regulations and risk the

imposition of civil liability, just to obtain judicial review of a regulation. *Bellion Spirits, LLC v. United States*, 7 F.4th 1201, 1209 (D.C. Cir. 2021). Speaking out of the other side of its mouth, HUD also claims that NAMIC has not suffered hardship because none of its members have faced a claim under the Disparate-Impact Rule since it was first promulgated in 2013. HUD Second Suppl. Br. at 20–21. Regardless of why that might be, it is enough to say that the Disparate-Impact Rule is "a substantive rule which as a practical matter requires [NAMIC's members] to adjust [their] conduct immediately." *Nat'l Park Hosp. Ass'n*, 538 U.S. at 808 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891 (1990)). And perhaps they have done just that in order to avoid a lawsuit. The pressure to comply with the Disparate-Impact Rule or else get sued is a hardship "felt immediately by those subject to it in conducting their day-to-day affairs," *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 164 (1967), not some "speculative or hypothetical future harm," *Nat. Res. Def. Council, Inc. v. EPA*, 859 F.2d 156, 166 (D.C. Cir. 1988) (per curiam); *see also id.* ("The paradigmatic hardship situation is where a petitioner is put to the choice between incurring substantial costs to comply with allegedly unlawful agency regulations and risking serious penalties for non-compliance."). For all those reasons, NAMIC's claims are ripe for review, and the Court can proceed to the merits.

**III.   Merits**

   In a case that was initiated on the theory that the FHA does not encompass disparate-impact liability, NAMIC has been forced to change its strategy after the Supreme Court reached the opposite conclusion in *Inclusive Communities*. Under its new strategy, NAMIC still argues that the Disparate-Impact Rule conflicts with the FHA, but in more

nuanced ways.  As explained above, the Supreme Court in *Inclusive Communities* placed

certain limitations on disparate-impact liability under the FHA so as to avoid potential

constitutional issues and to prevent the Act from forcing housing authorities to reorder their

legitimate priorities.  576 U.S. at 540.  NAMIC's theory is that the Disparate-Impact Rule

goes beyond those limitations for four reasons.  Unfortunately for NAMIC, all four are

unconvincing.  How so?[9]

### A.    Pervasive Consideration of Protected Characteristics

NAMIC first argues that the Disparate-Impact Rule is inconsistent with the FHA

because it will cause protected characteristics to be used and considered by insurers in a

pervasive way.  NAMIC Mot. at 15–21.  Without the Rule, the argument goes, insurers

make underwriting and rating decisions without considering protected characteristics;

those decisions are informed only by factors relevant to the risk of future loss, such as a

home's age, its location, and repair costs.  *Id.* at 15–16.  Under the Rule, however, insurers

must collect, store, and analyze data on insureds' and applicants' protected characteristics

to determine if their practices result in or perpetuate a disparate impact.  *Id.* at 16–17.  They

---

[9] Before explaining why, I would simply note that, "[w]ith respect to the first step of the *Chevron* analysis, the FHA is silent regarding how the FHA or a private plaintiff should prove a housing discrimination claim." *Prop. Cas. Insurers*, 66 F. Supp. 3d at 1052–53.  I therefore reach *Chevron*'s second step and must uphold the Disparate-Impact Rule if it amounts to a permissible construction of the FHA. 467 U.S. at 843.

As to NAMIC's four reasons why the Disparate-Impact Rule is unlawful "to the extent it applies to insurers' ratemaking and underwriting decisions," Second Am. Compl. at 18–22 (capitalization altered); *see also* Tr. of Oral Arg. at 35:22–24, I will model my approach on the one taken in *Hodge v. Talkin*: examine the validity of the Disparate-Impact Rule's application to specific housing practices (insurers' underwriting and rating decisions), but ask whether the Rule is invalid in *all* such underwriting and rating decisions, not a particular decision that someone alleges resulted in a disparate impact.  *See* 799 F.3d 1145, 1156–57 (D.C. Cir. 2015); *see also Ass'n of Priv. Sector Colls. & Univs. v. Duncan*, 681 F.3d 427, 442 (D.C. Cir. 2012) (same principles apply to challenges to both statutes and regulations).

would then have to rewrite their underwriting and rating models to eliminate any statistical disparities the data revealed.  *Id.* at 17.  But doing so would mean that insurers are, as prohibited by the FHA, considering protected characteristics in a pervasive way.  *Id.* at 17–18.

NAMIC is indeed correct that the Supreme Court in *Inclusive Communities* sought to establish "adequate safeguards at the prima facie stage" so as not to allow disparate-impact liability to "cause race to be used and considered in a pervasive way."  576 U.S. at 542.  It is also true that the Supreme Court cautioned against "interpreting disparate-impact liability to be so expansive as to inject racial considerations into every housing decision." *Id.* at 543.

But it is hard to see how the Disparate-Impact Rule causes the pervasive consideration of protected characteristics that NAMIC fears is inevitable.  Nowhere does the Disparate-Impact Rule require those engaging in housing practices to collect or use data on individuals' protected characteristics.  *See* 24 C.F.R. § 100.500 (2023).  Rather, as HUD points out, the initial burden is on the *plaintiff* to prove—through data or otherwise—that a housing practice actually or predictably results in a disparate impact.  *Id.* § 100.500(a), (c)(1); HUD Mot. at 21.  The defendant bears no such burden.  2023 Rule, 88 Fed. Reg. at 19,480 ("Defendants need not present their own statistics in response to this step one evidence . . . .").  And although an insurer "may wish to examine whether a facially neutral policy or practice causes an unjustified discriminatory effect," *id.* at 19,469, NAMIC does not explain how the provisions of the Disparate-Impact Rule induce that sort of "self-examination" beyond what the FHA, as interpreted in *Inclusive Communities*,

already induces. *See id.* at 19,465 ("Any obligation to evaluate practices comes from the language of the Act itself, not this final rule.").

Ultimately, NAMIC's argument here is a complaint about any sort of disparate-impact liability that might apply to insurance practices. *See, e.g.*, NAMIC Mot. at 18 ("In short, disparate-impact claims are in 'inevitable and irreconcilable conflict' with core insurance principles because they require insurers to consider race, not risk, in their rating and underwriting decisions."). Although I found that complaint convincing back in 2014, *Am. Ins. Ass'n*, 74 F. Supp. 3d at 44–45, we are now living in a post–*Inclusive Communities* world. And I do not see how the Disparate-Impact Rule causes pervasive consideration of protected characteristics beyond what the FHA, according to the Supreme Court, causes.[10]

### B.     State-Law Limitations on Insurance Practices

NAMIC next argues that the Disparate-Impact Rule is unlawful insofar as it forces insurers to consider the protected characteristics that state laws prohibit from consideration. NAMIC Mot. at 21–24. As NAMIC correctly points out, many states have enacted statutes that generally prohibit "unfairly discriminatory" insurance rates. Ronen Avraham, Kyle D. Logue & Daniel Schwarcz, *Understanding Insurance Antidiscrimination Laws*, 87 S. Cal. L. Rev. 195, 232 nn.124–25 (2014). And many states more specifically prohibit the consideration of certain characteristics in insurers' underwriting and rating decisions. *Id.* at 240, 248, 257, 263, 270–74; *see also id.* at 196 ("[S]tate insurance antidiscrimination

---

[10] The Court reaches that conclusion without according HUD any deference, which NAMIC argues would be inappropriate because HUD's interpretation of the FHA "raise[s] serious constitutional questions." *Miller v. Johnson*, 515 U.S. 900, 923 (1995); NAMIC Mot. at 18–20.

laws vary a great deal: in substance and in the intensity of regulation, across lines of insurance, across policyholder characteristics, and across states."). According to NAMIC, those laws "substantially limit[]" an insurer's "discretion" in its underwriting and rating decisions and thereby eliminate any cognizable disparate-impact claim. NAMIC Mot. at 23–24. And that, says NAMIC, makes the Disparate-Impact Rule unlawful. *Id.* at 24.[11]

NAMIC's argument borrows heavily from a particular passage in *Inclusive Communities*. In its discussion of a "robust causality requirement" necessary to limit the scope of viable disparate-impact claims, the Supreme Court raised some examples of housing practices in which a plaintiff might not be able to establish causation. 576 U.S. at 543. For example, a developer's decision to construct a new building in a particular location is unlikely to be "a policy causing a disparate impact because such a one-time decision may not be a policy at all." *Id.* Similarly, a state agency's policy of distributing tax credits under federal law might not be shown to cause a disparate impact if the "federal law substantially limits the [state agency]'s discretion" in its distribution. *Id.* If a plaintiff cannot show the causal connection between the policy or practice and the disparate impact, the result should be "dismissal of th[e] case." *Id.*

---

[11] NAMIC's theory here is not to be confused with one based on the McCarran-Ferguson Act, which calls for the primacy of state insurance law by prohibiting any federal law from being construed to invalidate, impair, or supersede state insurance law unless the federal law specifically relates to insurance. 15 U.S.C. § 1012(b). In its first opinion in this action, the Court saw the reverse-preemptive effect of the McCarran-Ferguson Act, in conjunction with the state laws discussed above, as a reason to hold that the FHA does not encompass disparate-impact liability. *Am. Ins. Ass'n*, 74 F. Supp. 3d at 43–46. (Again, the Supreme Court saw it differently. *Inclusive Cmtys.*, 576 U.S. at 545–46.) But the inquiry then was whether Congress intended to include disparate-impact liability in the FHA, not, as it is now, whether state law categorically severs the causation requirement in a disparate-impact claim under the FHA.

To be clear, that "robust causality requirement" actually works in favor of NAMIC's members if sued, making NAMIC's argument both counterintuitive and ultimately unconvincing. Indeed, the causation element is meant to "protect[] defendants from being held liable for racial disparities they did not create." *Id.* at 542. If an insurer is sued under a disparate-impact theory of liability, it can try to show that a state law prohibits (or requires) certain underwriting or rating decisions in a way that severs the causal connection between the insurer's practices and the disparate impact. *Id.* at 543. If successful, the insurer should be able to get the case dismissed. *Id.* But that does not make the Disparate-Impact Rule unlawful or, somehow, categorically inapplicable to insurers. *See Burbank Apartments Tenant Ass'n v. Kargman*, 48 N.E.3d 394, 408 (Mass. 2016) (declining to adopt "a per se rule precluding disparate impact liability under the fair housing statutes where a property owner has acted in accord with statute, regulation, and contract"). It is one thing for a law to have a standard that is difficult (or perhaps even impossible) for a plaintiff to meet, and quite another for the law to be invalid. NAMIC does not explain why the latter must follow from the former. NAMIC Mot. at 24. Accordingly, it cannot succeed on its theory that state antidiscrimination laws invalidate the Disparate-Impact Rule by severing the nexus between a housing practice or policy and a disparate impact.

### C.   Claims Based Solely on Statistical Disparities

NAMIC's next argument is that the Disparate-Impact Rule conflicts with the FHA insofar as the Rule allows a claim to be established solely on statistical disparities. NAMIC Mot. at 24–26. As already discussed, the Supreme Court in *Inclusive Communities* outlined certain limitations on disparate-impact claims, like the "robust causality requirement" that

"ensures that '[r]acial imbalance . . . does not, without more, establish a prima facie case of disparate impact' and thus protects defendants from being held liable for racial disparities they did not create." 576 U.S. at 542 (alterations in original) (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 653 (1989)).[12] One corollary of that causation requirement is that disparate-impact liability cannot be established "solely on a showing of a statistical disparity." *Id.* at 540. Simply put, a statistical correlation does not prove causation. *See id.* at 542 ("[A] disparate-impact claim that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies *causing* that disparity." (emphasis added)).

NAMIC contrasts that limitation with the Disparate-Impact Rule, which does not include language specifically addressing how statistical evidence may (or may not) be used to establish causation. NAMIC Mot. at 24–25. The Rule simply requires a plaintiff, at the prima facie stage at least, to demonstrate "that a challenged practice caused or predictably will cause a discriminatory effect." 24 C.F.R. § 100.500(c)(1) (2023); *see also id.* § 100.500(a) ("A practice has a discriminatory effect where it actually or predictably

---

[12] Back when the 2013 Rule was the operative rule being challenged in this action, American Bankers Association and its fellow amici argued that the Disparate-Impact Rule was unlawful because it did not follow *Wards Cove*'s framework for establishing disparate-impact liability, which, although abrogated in the employment context, was apparently "binding" in the housing context while the 2013 Rule was being promulgated. Amici Curiae Br. of Am. Bankers Ass'n [Dkt. #63] at 9–12. *See generally Smith v. City of Jackson*, 544 U.S. 228, 240 (2005) (explaining effect of 1991 amendment on *Wards Cove* framework for Title VII employment claims). Whatever effect *Wards Cove* had on the FHA back then, it can hardly be considered the definitive word on the disparate-impact liability under the FHA after *Inclusive Communities*, which issued well before rulemaking commenced for the 2023 Rule, the operative rule now. *See Inclusive Cmtys.*, 576 U.S. at 533 ("The cases interpreting Title VII and the ADEA provide essential background and instruction in the case now before the Court."). That is why NAMIC's action focuses, appropriately, on the Disparate-Impact Rule vis-à-vis *Inclusive Communities*, not *Wards Cove*. Second Am. Compl. at 18–22.

results in a disparate impact on a group of persons or creates, increases, reinforces, or

perpetuates segregated housing patterns . . . ."). That more general language allows "prima

facie liability based entirely on a showing of statistical disparity, even if there is no

evidence of causation," says NAMIC. NAMIC Mot. at 25. But "[t]he FHA forecloses that

approach." *Id.*

From my perspective, NAMIC's argument reads too much into *Inclusive*

*Communities* and not enough into the Disparate-Impact Rule. The Supreme Court's

specific mention of statistical disparities was part of a broader discussion on the importance

of establishing causation at the prima facie stage. *See Inclusive Cmtys.*, 576 U.S. at 542–

43. And, contrary to NAMIC's position, proof of causation is exactly what the Disparate-

Impact Rule requires of plaintiffs at the prima facie stage. 24 C.F.R. § 100.500(a), (c)(1)

(2023). To be sure, the Supreme Court specifically called out statistical disparities as being

insufficient *alone* to establish causation at the prima facie stage, *Inclusive Cmtys.*, 576 U.S.

at 542, and the Disparate-Impact Rule does not. But the Disparate-Impact Rule's legal

standard can still be, and is in fact, consistent with *Inclusive Communities* even if the Rule

does not include the same depth of explanation as does the judicial opinion. As HUD

explained when it first promulgated the Disparate-Impact Rule, the purpose of the Rule "is

to formalize a long-recognized legal interpretation and establish a uniform legal standard,

rather than to describe how data and statistics may be used in the application of the

standard." 2013 Rule, 78 Fed. Reg. at 11,468. I therefore disagree with the premise of

NAMIC's argument: that the Disparate-Impact Rule allows a prima facie showing with nothing more than evidence of statistical disparities.  Simply put: it does not![13]

### D.     Displacement of Valid Priorities

NAMIC's final argument is that the Disparate-Impact Rule violates the FHA insofar as the Rule allows plaintiffs "to force housing authorities to reorder their priorities." *Inclusive Cmtys.*, 576 U.S. at 540.  As the Supreme Court observed, "[d]isparate-impact liability mandates the 'removal of artificial, arbitrary, and unnecessary barriers,' not the displacement of valid governmental policies." *Id.* (quoting *Griggs*, 401 U.S. at 431).  In the housing context, all sorts of valid factors—market dynamics, costs, traffic patterns, and historic architecture, to name a few—might influence where a private developer chooses to build, how zoning officials choose to draw lines, or how a housing authority chooses to allocate tax credits for low-income housing.  *Id.* at 541–42.  Disparate-impact liability cannot be used to force entities to make different decisions "merely because some other priority might seem preferable." *Id.* at 541.  In other words, plaintiffs may not "attempt to second-guess which of two reasonable approaches a housing authority should follow in the sound exercise of its discretion." *Id.*

---

[13] I likewise disagree with NAMIC's reading of HUD's responses to certain comments in notice-and-comment for the 2013 Rule.  NAMIC claims that HUD "disagreed" with comments recommending that the Rule require a party to "identify a specific practice and show the alleged discriminatory effect is caused by that specific practice."  NAMIC Mot. at 25.  But HUD did not quite "disagree[]" with the recommendation.  It explained that some cases might allow for easy identification of a specific practice causing an alleged disparate impact, while others might involve multiple acts that, combined, create a disparate impact.  2013 Rule, 78 Fed. Reg. at 11,469.  Either way, causation is required.  *Id.*

NAMIC also claims that HUD confirmed a commenter's concern that the Rule would allow for lawsuits based only on statistical data.  NAMIC Mot. at 25.  But that comment was in regard to an entirely different section of the 2013 Rule that is not part of the Disparate-Impact Rule's burden-shifting framework, 24 C.F.R. § 100.120(b)(2) (2013), and is not being challenged by NAMIC in this action.  2013 Rule, 78 Fed. Reg. at 11,478.

According to NAMIC, the final step of the Disparate-Impact Rule's burden-shifting framework allows for such second-guessing. NAMIC Mot. at 27–28. At that final step—after a plaintiff has proven that a practice causes a discriminatory effect, and after a defendant proves that the challenged practice is necessary to achieve a substantial, legitimate, nondiscriminatory interest—a plaintiff may prevail upon proving that the interest "could be served by another practice that has a less discriminatory effect." 24 C.F.R. § 100.500(c)(3) (2023). A plaintiff need not, however, prove that the alternative practice achieves the defendant's interest as effectively as the challenged practice, which NAMIC thinks is crucial. NAMIC Mot. at 27. In fact, HUD received comments in notice-and-comment asking it to adopt such an "equally effective" standard at the final step, but it declined to do so. 2023 Rule, 88 Fed. Reg. at 19,490–91.

To the extent that the Disparate-Impact Rule's "could be served" standard could allow for second-guessing of the type prohibited by *Inclusive Communities*, NAMIC's challenge is not the vehicle to decide it. Recall, NAMIC is challenging the Rule in every application to insurers' underwriting and rating decisions. Second Am. Compl. at 18–22. It is therefore not enough to "point to a hypothetical case in which the rule might lead to an arbitrary result." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 934 F.3d 649, 667 (D.C. Cir. 2019) (quoting *Am. Hosp. Ass'n v. NLRB*, 499 U.S. 606, 619 (1991)).

But NAMIC tries just that! It proposes a hypothetical in which a plaintiff can prove that an insurer's interest in setting risk-accurate rates "could be served" by basing rates on a criterion "that has a less discriminatory effect" than the insurer's preferred criterion, even though the plaintiff's alternative reflects actual risk less accurately than the insurer's

29

preferred criterion and thus is not "equally effective." NAMIC Mot. at 28–29. In NAMIC's hypothetical, the insurer's preferred criterion is the high risk of fire introduced by wood-burning stoves in a particular area populated disproportionately by families who observe a particular religion; the plaintiff's proposed alternative is the risk-lowering fact that the area has several fire stations nearby. The consideration of fire stations could serve the insurer's interest in setting risk-based rates and would have less discriminatory effect (rates would be lower), but it would not be as effective in capturing risk as would consideration of the risky wood-burning stoves.

In the abstract, this over-simplified hypothetical might make sense. But in the final analysis, the Court has no way of knowing whether the consideration of fire-station proximity would actually serve an insurer's interest in setting risk-accurate rates. In fact, it would probably be rather *in*accurate to base rates solely on that criterion. Nor do I know whether consideration of that criterion actually has a less discriminatory effect. In sum, the Court cannot conclude, based on a single hypothetical in which the Disparate-Impact Rule might allow a plaintiff to second-guess an insurer's priorities, that *every* underwriting and rating decision will be second-guessed in violation of the FHA. This is, after all, a summary judgment motion, not a law school classroom discussion! *See Brennan v. Dickson*, 45 F.4th 48, 61 (D.C. Cir. 2022).

**CONCLUSION**

For the foregoing reasons, NAMIC's motion for summary judgment will be DENIED, and HUD's cross-motion for summary judgment will be GRANTED.  An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

31